No. 147.—EDWARD T. LYNER, vs. ARCHIBALD M. JACKSON, defendant in error.

[1.] If the Clerk of the Court writes an appeal bond, reciting that all costs have been paid, and presents it to the appellant and his security for their signature; tenders no bill for costs and makes no demand of them of the appellant; and all the circumstances of the case show that it might be fairly presumed that the appellant had settled with the Clerk for the costs, and the Clerk puts the case on the appeal docket, the appeal will not be dismissed, although the costs have not been paid, and the Clerk makes a memorandum at the margin of the bond of the amount due for the costs.

Appeal, in Warren Superior Court.   Decision by Judge JAMES THOMAS, October Term, 1856.

This was a motion to dismiss an appeal.   The appeal was entered in the usual form, except that it was not attested by the Clerk; and below the appeal bond this entry was made by the Clerk:

"Costs to appeal, $27 77½, not paid.
                              G. W. DICKSON, Clerk."

The ground taken for the motion was, that the costs were not paid.

The Clerk testified that he demanded the costs of the Attorny of appellant, who asked if he demanded them in advance.   Some other conversation was had.   The Clerk made out the bond and carried it to the appellant's carriage, (he being an infirm man,) where it was signed by him and his surety.   Nothing was said about the costs at that time. They were subsequently paid by the Attorney.   The Court below dismissed the appeal, and this decision is assigned as error.

POTTLE; CONE, for plaintiff in error.

TOOMBS; JOHNSTON, for defendant in error.

*By the Court.*—McDONALD, J. delivering the opinion.

[1.] The plaintiff in error, who was defendant in the Court below, executed an appeal bond, during the term of the Court, on the minutes of the Court, which were signed by the presiding Judge. At the bottom margin of the bond was this entry: "Costs to appeal $27 27½, not paid," signed by the Clerk. A motion was made to dismiss the appeal, because the costs were not paid within four days after the adjournment of the Court, and the appeal was dismissed on that ground; and to the decision of the Court dismissing the appeal, an exception was taken. The defendant's Counsel, after the return of the verdict of the Jury, directed the Clerk to draw an appeal bond; the Clerk demanded the costs, and in reply, defendant's Attorney asked if he wanted the costs in advance; the answer to this inquiry was not remembered by the Clerk, who was the witness; the Attorney told the Clerk that he would see the costs paid, soon after the adjournment of the Court, and to hold him responsible for them; the Clerk made no objection, and it was an arrangement between them; this conversation passed during the recess of the Court for dinner; no bill of costs was tendered. On the same day, the appellant and his security rode up in a carriage near the academy, where the Court was held. The appellant being an infirm man, the Clerk carried the book out and requested the defendant to sign the bond. No demand was made of him of the costs. It does not appear in the record that the appellant or his Attorney knew of the entry made by the Clerk, at the margin of the bond; the Clerk put the case on the appeal docket; the costs were subsequently paid by appellant's Attorney, but not until the time for entering appeals had expired; the bond signed by the parties, and on the minutes of the Court, written by the Clerk, recites that defendant had paid all costs.

The facts of this case are not identical with those in *Short vs. Cohen,* (11 *Ga. Rep.* 39,) but the principle is the same,

and we will not disturb the ruling in that case.　Such Statutes as ours, authorizing appeals, are usually construed strictly, and parties are generally held to a compliance with their terms; but the reasoning of the Court in the above case is strong and able, and we are not disposed to depart from it, as it is more a matter of practice than of right, under the law.　The appellee cannot be affected by the question.　He has his security, and he cannot be called on for the costs; for if they were not actually paid, the Clerk, who was the proper officer to collect them, is estopped, by his own acts, from saying that they were not paid.　He wrote the bond, reciting that all costs were paid, presented it to appellant and his security for their signature, made no demand of costs at the time, and from what may be presumed to have passed between the appellant and his Attorney, it may be fairly inferred that he supposed the matter of costs had all been attended to.

The *judgment of the Court below* must be reversed, and the case is ordered to be re-instated on the appeal docket, and stand for trial as other appeal cases.