## LANGSTON, executor, *vs.* MARKS.

1. If a petition for a citation to require an executor to appear before the ordinary and settle his accounts with a legatee of a decedent set out enough to give the court jurisdiction of the person and subject matter, it will not be dismissed on general demurrer.
(*a.*) No demurrer appearing in the record, but the bill of exceptions setting out the overruling of a demurrer, we will presume it to have been a general demurrer.
2. The Code, (§3446) places upon one who recommences his action after a dismissal, non-suit or discontinuance, the condition of the payment of costs. Upon plea in abatement, his action will abate unless he complies with the condition.
(*a.*) There is no provision for the re-commencing of an action previously dismissed by filing a pauper affidavit.
3. The judgment of a court of ordinary admitting a will to record is legal and binding until set aside or reversed. If it appear on the face of the proceedings that the judgment is a nullity, it may be attacked as such.
(*a.*) It does not so appear in this case.
4. The plea of *res adjudicata* was not sustained by the record offered in support thereof, and the court did not err in withdrawing it from the consideration of the jury in his charge.
5. A legal and pertinent request to charge, which is not fully covered by the general charge, should be given.
6. We express no opinion as to the sufficiency of the evidence.

Pleadings. Administrators and Executors. Abatement. Costs. Actions. Wills. Evidence. Judgments. *Res adjudicata.* Charge of Court. Before Judge LAWSON. Jasper Superior Court. October Term, 1881.

John T. Marks cited D. M. Langston, as executor of John E. Langston, deceased, before the ordinary for settlement of his account as such executor, alleging that John E. Langston died in 1864, and by his will bequeathed him $150.00; that said will was duly and legally probated in common form : that Langston qualified as executor and took charge of the estate in 1865. Petitioner prayed that Langston account to him for his legacy. This petition

was filed August 12th, 1879.   The case was heard before the ordinary November 2d, 1879, when judgment was had for defendant, and plaintiff filed his affidavit appealing to the superior court *in forma pauperis.*   To this defendant, Langston, filed the following pleas in abatement:

First. That at——term, 1876, of Jasper court of ordinary, Marks brought his suit for the same cause of action against defendant, which was appealed to the superior court, when at the April term, 1879, thereof said case was non-suited and dismissed; and that said plaintiff has recommenced this suit for the same cause of action and subject matter without first paying the costs in said suit so dismissed.

Second. That the pretended will of John E. Langston, under which plaintiff claims his legacy, was never legally probated and admitted to record, and its probate and record is a nullity, for the reason that its probate was not before the ordinary, but before B. T. Digby, a justice of the peace.

Third. That the defendant had never assented to the legacy.

He also pleaded to the merits that he had fully administered the estate of John E. Langston which came into his hands, and paid the same out to debts.

He further pleaded the statute of limitations of 1869. Also *res adjudicata*, alleging that the guardian of said plaintiff, at the September term, 1870, of the court of ordinary, brought his suit for the same cause of action, which was heard and determined by the ordinary, and a judgment pronounced thereon in favor of defendant, and the case was dismissed; that it was by plaintiff appealed to the superior court, when, at the October term, 1870, it was dismissed.

The evidence on the trial was, in brief, as follows:

Plaintiff is the nephew of John E. Langston, deceased; he never received the legacy left him by the will of his uncle.   Is 27 years old; was 27 the 11th day of August last.   The will of John E. Langston, by its third item, bequeathed to John T. Marks $150.00.   To this will was

attached the affidavit of G. W. Wyatt, one of the sub-
scribing witnesses, made before Berry T. Digby, a justice
of the peace, on the 9th of March, 1865.   At the May
term, 1865, of the court of ordinary, the ordinary passed
an order admitting the will to record.   Letters testamen-
tary issued to D. M. Langston, dated May 9th, 1865.

In 1870, Nathan T. Marks, as guardian *ad litem* for John
T. Marks and others, as the legatees of John E. Langston,
cited the executor to settle with them.   On the hearing,
the following judgment was rendered :

"Legatees of John E. Langston, }  Citation for settlement in Jasper
           *vs.*                 }  court of ordinary, September ad-
    David M. Langston.           }  journed term, 1870.

In this case it is ordered by the court that the statute of limitations
be sustained so far as the transactions of the executor prior to first of
June, 1865.   The executor expressing a willingness to go into a set-
tlement so far as the land is concerned, and the legatees refusing to
proceed further with said investigation, it is ordered, that citation be
dismissed, and that executor recover the sum of —— dollars for costs
of suit in this behalf.                          J. W. BURNEY,
                                                      *Ordinary*."

An appeal was taken from this judgment, and was dis-
missed.

There was other testimony relating to the management
of the estate by the executor, the receipt of Confederate
money and loss thereof, the loss of certain debts due the
estate, whether they could have been collected, etc., none
of which need be set out here.

The jury found for the plaintiff $150.00, with interest
from May 9th, 1866.   Defendant moved for a new trial,
on the following among other grounds :

(1.) Because the court overruled a demurrer of defend-
ant's counsel to the petition.   [No demurrer appears in
the record.]

(2.) Because the verdict was contrary to law and the
evidence.

(3) Because the court erred in striking, upon motion of
plaintiff, the first plea in abatement.   The plaintiff moved

to strike said plea ; the court announced that if plaintiff would amend his declaration by alleging his inability from poverty to pay the costs accruing on the former suit, for the same cause of action and dismissed at the April term, 1879, he would strike said plea.    Plaintiff having so amended his said declaration, the court struck the plea.

(4.) Because the court admitted in evidence, over the objection of defendant's counsel, the copy of the will and order admitting the same to record, and overruled the second plea in abatement.

(5.) Because the court refused to charge the jury, when so requested in writing by defendant's counsel, on the subject of the plea of *res adjudicata,* that the judgment of the court of ordinary, if any such has been introduced in evidence, adjudging that the legatees of John E. Langston were bound by the statute of limitations so far as the matter, and transactions arising prior to June 1st, 1865, is conclusive upon all the parties thereto ; and if plaintiff was a party to a suit in which such judgment was rendered, then he is concluded thereby.

(6.) Because the court erred in charging the jury that the plea of *res adjudicata* was not sustained by the record introduced, and was, therefore, overruled, and the jury should not consider the plea of *res adjudicata.*

\*       \*       \*       \*       \*       \*       \*

(14.) Because the court erred in refusing to charge the jury, at the request of counsel for defendant, made in writing, " that if the jury believe from the evidence that the defendant acted in the sale of the property of said estate and the collection of the debts and notes of said estate at the time in the manner that prudent men acted and managed their own affairs, and failed to collect such debts by no fault of his, then he should not be held liable for failure to collect such debts."    Instead of this the court charged as follows : " The defendant is chargeable with all money that came into his hands after his appointment as executor, or that ought to have come into his hands by use of ordinary diligence ; ordinary diligence

is that care which prudent men exercise in the manage-ment of business."

The motion was overruled, and defendant excepted.

G. T. & C. L. BARTLETT, for plaintiff in error.

KEY & PRESTON; JACKSON & KING, for defendant.

CRAWFORD, Justice.

John T. Marks, claiming to be a legatee under the will of John E. Langston, deceased, cited David M. Langston to appear before the ordinary of Jasper county, to submit to a settlement of his accounts as the executor of said deceased, and to pay over to him such amount as might be due him under said will.

The executor appeared and answered the citation. The ordinary, at the hearing of said case, gave judgment against the petitioner, Marks, and in favor of Langston, the executor. Marks appealed to the superior court, where he obtained judgment against the executor for the sum of $150.00, with interest from the 9th of May, 1866.

The executor brings the case to this court, asking to set aside the verdict and judgment thus obtained, on account of the errors alleged to have been committed on the trial.

1. The first ground of error relied upon is a demurrer to the petition of the plaintiff, which demurrer, not being found in the record nor in the bill of exceptions, we are unable to pass satisfactorily upon it ; but supposing it to be a general demurrer to the petition, we see no error in its being overruled. This proceeding before the ordinary is by common petition, for the purpose simply of having that officer cite the administrator, executor or guardian to appear before him for a settlement of his accounts, and requires that enough shall be set out to give the court ju-risdiction of the person and subject-matter, and when so done we do not see that it is demurrable.

2. The next ground of error which we consider is the

ruling of the court on plaintiff's motion to strike the first plea in abatement filed by defendant, and in which it was alleged that the plaintiff had brought his suit to the court of ordinary for the same cause of action, that it had been appealed to the superior court where it had been dismissed, and that this suit had been recommenced without the payment of costs as required by law.

Upon this motion to strike, the court announced that if plaintiff would amend his petition and set forth that the failure to pay was owing to his inability from poverty, that then he would sustain the motion to strike, and the amendment having been made, the said plea was stricken.

Section 3446 of the Code provides that in all cases where there is a non-suit, dismission or discontinuance of a case, that the plaintiff may recommence his suit on the payment of costs. We have searched for the authority by which a pauper affidavit may be made in lieu of this statutory requirement. There is no case where such a legal right is granted, except upon special legal provision. It required a statute to authorize it in appeals, in claims, in application for a *supersedeas*, in cases brought to this court, as well as to relieve parties from costs here when the usual pauper oath is filed in the court below.

It may be said that the ruling of the judge below falls within the spirit of our legislation ; yet, whenever courts go beyond the provisions of the law, because their judgment is that their rulings are within the spirit of the law, we do but substitute as many varied views of what falls within its spirit as there are judges pronouncing it. We think, therefore, that whenever a statute requires a particular thing to be done to entitle a citizen to the enjoyment of a right, he must comply with the requirements before he can enjoy the right. And we are of opinion that he might so comply when the point was made against his proceeding with his second suit. There may be good reason why there has been no legislation upon this subject, as may be illustrated by this case.

Langston, executor, *vs.* Marks.

In 1870 this executor was cited before the ordinary to settle this same estate; after the hearing, his judgment was for the defendant; the plaintiff appealed, and before the superior court it was dismissed; again in 1876 this plaintiff brought the executor before the ordinary whose judgment was appealed from, and again it is alleged that it was dismissed by the judgment of the superior court; once again in 1879 the plaintiff cites the executor before the ordinary in this suit, and it is on its trial in the superior court that he is met by the plea of the non-payment of costs under the statute, and the ruling complained of made.

3. Another important question made by the record is the admission of the will of the testator in evidence over the objection of defendant, because of the illegal manner in which it was claimed that the same had been probated. It is perhaps needless to say that the judgments of the courts of ordinary in this state in matters appertaining to wills, are judgments of courts of general jurisdiction, and must be recognized as legal and binding until set aside or reversed. If, however, it should appear on the face of the proceedings that the judgment rendered was a nullity, as is insisted upon here, then of course it should be so held.

In the present case, if nothing else appeared than what the defendant desired to put in evidence, it might be held that the proceeding before the ordinary of March 6th, 1865, was not a proper probate of the testator's will; but the order and judgment passed at the May term, 1865, relieves the question of all embarrassment.

Besides this the defendant accepted letters testamentary, was qualified under the rule, and proceeded to administer the estate under its direction.

4. The plea of *res adjudicata* covered by two of the grounds of the motion for a new trial was not sustained by the proof, and therefore the judge committed no error in refusing to charge as requested, nor in giving the charge excepted to.

5. The request to charge as set out in the 14th ground of the motion for a new trial touching the good faith, diligence and prudence with which the executor was required to act, was not fully covered by what was charged, and we think that the request to charge should have been given.

6. As the case must be remanded for a new trial, we express no opinion as to the sufficiency of the evidence to support the verdict.

Judgment reversed.