Stirk *vs.* The Central Railroad and Banking Company of Georgia, and *vice versa.*

1. If the cars ordinarily used by a railroad company were such that the employés could stand upon the top of them without danger in passing under a bridge over the railroad, and if the company introduced into its train a car higher than those generally used by it, and gave no warning to its employés of the condition of such car, and an employé, who was ordered to release a bell-cord which had become entangled, went on top of the cars and was knocked from the higher car by the bridge and killed, the jury might infer that the company was negligent because of the increased hazard and danger to its employés; and on a suit by the widow of the dead employé against the railroad, it was error to grant a non-suit. The question of the negligence of the railroad, and whether the deceased could have avoided the consequences thereof by the use of ordinary diligence, were for the jury.

2. Where a witness testified that another person named by him had pointed out the car on which the deceased employé was standing when he was struck by the bridge, and that the witness had measured the car, this testimony was admissible to the extent of showing that the witness measured a particular car pointed out to him by the person named; but it was not admissible for the purpose of showing that such car was the one on which the employé was when killed.

3. The provision of the code which requires a plaintiff against whom a nonsuit has been granted to pay the costs, is for the benefit of the officers of court, and not that of the defendant. If the defendant desires to set up failure to pay costs, he should do so by plea in abatement at the first term. There was no error in allowing the costs accrued in the former case to be paid while the latter was pending.

January 30, 1888.

Railroads. Negligence. Nonsuit. Master and Servant. Evidence. Costs. Abatement. Before Judge John T. Clarke. Bibb Superior Court. October Term, 1886.

Reported in the decision.

Hill & Harris, for plaintiff.

Lyon & Estes, for defendant.

BLANDFORD, Justice.

Martha Stirk brought her action against the Central Railroad and Banking Company to recover damages for the homicide of her husband. After she had submitted her evidence, the court granted a nonsuit; and to this she excepted. The evidence submitted in behalf of the plaintiff in the court below was, in substance, as follows: Stirk was an employé of the Central railroad, and was a train hand. At Smithville, while the cars were *en route*, a car belonging to the Green Line Company was introduced into the train. It was a different kind of car from those ordinarily used by the Central Railroad, and was higher. As the train was approaching Cuthbert, the conductor's line, which reached from the cab to the engine, became entangled, and Stirk was ordered to go forward and release it. He went forward as directed, and while on top of the Green Line car, the car passed under a bridge, and he was knocked off by the bridge and killed.

Two questions are made by the evidence. The first is, was the company negligent in introducing into its train a car higher than the ordinary cars of the company? If its ordinary cars were one upon the top of which the employés could stand without danger in passing under this railroad bridge, and if the company introduced into its train a car higher than its ordinary cars, and gave no warning to its employés of the condition of such car, then the jury might infer that the company was negligent therein, because of the increased hazard and danger to its employés. Another question is, whether or not the deceased could have avoided the consequences of the defendant's negligence, if there was any, by the use of ordinary diligence. These were questions for the jury.

The evidence showed that at the time this man was killed, several persons attached to the train were looking in his direction, and seemed to apprehend no danger to him, because they gave him no notice or warning; and it

is not probable that he himself anticipated the danger. He had been accustomed to pass under the bridge daily, and knew its height.

Another exception relates to the admission of certain testimony of one Booth. Booth testified that one Jones, had pointed out the car upon which Stirk was standing when he was struck by the bridge; and that he (Booth), had measured the car. Counsel for the railroad objected to this statement wholly. Counsel for the plaintiff in error, contend that the entire statement was admissible, as showing that the car measured was the car upon which Stirk was killed. The court admitted the testimony to the extent of showing that the witness measured a particular car pointed out by Jones; but declined to admit it for the purpose of showing that it was the particular car upon which Stirk was killed. We think the court did right in so ruling. We think the evidence was admissible to the extent and for the purpose allowed by the court, and that it ought to have been confined to that purpose.

There is a cross-bill of exceptions by the railroad company on the ground that the plaintiff had been nonsuited in a former suit for the same cause of action, and had failed to pay the costs as required by the statute before the commencement of the present suit; and that the court below permitted the plaintiff to pay the costs in the former case while the latter case was pending. We think that the provision of the code which requires that a party who has been nonsuited shall pay the costs incurred in that suit before he can bring another suit, is a provision for the benefit of the officers of court, and not for the benefit of the defendant; because the defendant, where there is a nonsuit, cannot be made liable for the costs. We think, furthermore, that this is a matter which should have been pleaded in abatement at the first term of the court, so as to put the plaintiff on notice.

In the case of *Crawford vs. Cate,* 20 *Ga.* 69, this court held that, where an appeal had been entered, notwith-

standing the costs had not been paid as required by the statute, the appeal should not be dismissed. See also the case of *Lyner vs. Jackson*, 20 *Ga.* 773. The case of *Langston, ex'r, vs. Marks*, 68 *Ga.* 435, seems to rule this case; because in that case the parties, over objection, were allowed to pay the costs in the court below; and this court held that this was right.

So we reverse the judgment of the court below as complained of in the original bill of exceptions, and affirm the judgment as to the cross-bill.