## WRIGHT v. JETT.

1. After a plea in abatement has been heard on its merits and the plaintiff's action dismissed, it is too late for him, by a motion to vacate the judgment of dismissal and reinstate his case, for the first time to raise objections to the plea which he had full opportunity to urge against it when the hearing thereon was had.

2. That a plaintiff who voluntarily dismissed his suit did not, before undertaking to renew the same, pay the accrued costs or file an affidavit setting forth his inability from poverty so to do, affords good cause for abating the second suit brought by him; and after a plea in abatement based on this ground has been duly filed, the plaintiff can not, by offering to pay the costs or actually paying the same to the officers of court, defeat the right of the defendant to insist on his plea and thus bring about a dismissal of the pending suit.

Argued July 15, — Decided August 12, 1904.

Motion to set aside judgment.　　Before Judge Lumpkin.　　Fulton superior court.　December 8, 1903.

*Lavender R. Ray,* for plaintiff.
*John L. Hopkins & Sons,* for defendant.

EVANS, J.　D. F. Wright filed a motion, addressed to the discretion of the court below, the purpose of which was to vacate a judgment previously rendered during the same term, whereby his action was dismissed on the ground that the costs in a former suit for the same cause, which he had voluntarily dismissed, had not been paid before the renewal suit was filed. The facts upon which this motion was predicated were all admitted by S. N. Jett, the opposite party, and the questions raised by the motion were submitted to the court for determination without the intervention of a jury.

It appears that on July 21, 1902, Wright filed in the superior court of Fulton county a suit against Jett, returnable to the September term of that court. On August 12, 1902, the defendant filed a general demurrer to the plaintiff's petition, on the ground

that it set forth no cause of action; and on the same day, the defendant filed his answer to the action, as well as a special demurrer to the petition. On October 3, he filed a plea in abatement, alleging, that the plaintiff had previously brought suit in the same court for the same cause of action, which suit he had voluntarily withdrawn, and a judgment for costs had been entered against him; and that he had recommenced his action without first paying the costs in the original suit. The defendant's answer, demurrers, and plea in abatement were all filed before the calling of the appearance docket at the first term. The general and special demurrers filed by the defendant were heard and overruled on December 19, 1902. He excepted to the judgment of the court overruling his demurrers and carried the case to the Supreme Court, where the judgment of the court below was affirmed. After the return of the remittitur, the defendant, on November 1, 1903, applied to the court to have a time set for a hearing on his plea in abatement. The hearing was fixed for November 9, but the case was not reached in its order until November 13. On that day, counsel for both sides agreed to submit the issue raised by the plea in abatement to the presiding judge, without a jury, he to decide all questions both of law and of fact. Counsel for Wright, the plaintiff, thereupon moved to dismiss the plea in abatement, on the ground that the affidavit thereto was legally insufficient. This motion was overruled, and the parties went into a hearing on the merits of the defendant's plea in abatement. It was admitted by him that the plaintiff had, on October 30, 1903, paid the costs which had accrued in the original action. The court nevertheless sustained the plea in abatement and dismissed the plaintiff's action. On December 5, during the same term of court, the plaintiff made a motion to vacate the judgment dismissing his case and to reinstate the same. The court declined to grant this motion, and to the overruling thereof the plaintiff excepts.

1. One of the grounds of this motion was that the plea in abatement was filed after the defendant had pleaded to the merits of plaintiff's action, and therefore the former had waived his right to insist that the costs in the original suit had not been paid. There is no merit in this ground, for the reason that if the plaintiff wished to invoke a ruling of the court upon this point,

he should have presented this objection to the plea in abatement when, on November 13, 1903, the hearing on that plea was had. He did, at that time, move to dismiss the plea, on the ground that no sufficient affidavit to it had been made. No reason is made to appear why he did not, at the same time, urge against the plea his objection as to its time of filing. Having had his day in court, so far as any objections to a hearing of the plea on its merits are concerned, he could not, as a matter of right (though he addressed his motion to the sound discretion of the court and filed it during the same term at which the judgment complained of was rendered), invoke from the court a ruling as to any matter which he might have brought to the attention of the judge, but which he did not insist on, when the hearing on the plea in abatement took place. Certainly this is true when he offers no excuse whatsoever for his failure to then insist upon each and all of what he conceives to be fatal objections to that plea, but which he did not at that time urge against it.

What is said immediately above disposes also of the following grounds of the plaintiff's motion to vacate the judgment dismissing his action : (1) because the defendant did not give to the plaintiff notice of the filing of the plea in abatement; (2) because the defendant did not sooner move to have a hearing on that plea; (3) because the defendant waived his right to insist thereon by invoking a ruling of the trial court upon his demurrers, excepting to its judgment thereon, and taking the case to the Supreme Court, before pressing his plea in abatement to a trial on its merits.

2. The plaintiff's motion contained only one other ground, viz., that his action ought not to have been dismissed, because the costs in the original suit brought by him had been paid on October 30, 1903, after the present suit was filed, but before it was set for trial or a hearing on the plea in abatement was had. As this point was insisted on by the plaintiff in resistance to the plea in abatement when it came on for a hearing, it was his right, during the same term, to apply to the judge to review his decision thereon. The judge adhered to his original ruling on this point, and we are, therefore, called on to determine whether or not this ruling was correct. It is insisted by counsel for the plaintiff in error that the payment of costs related back to the time when

his action was renewed, and therefore the objection raised by the plea in abatement had been fully met before the hearing on that plea was had. In support of this contention, counsel cites and relies on the cases of *Langston* v. *Marks*, 68 *Ga.* 435, *City of Atlanta* v. *Wilson*, 70 *Ga.* 714, and *Stirk* v. *Central Railroad*, 79 *Ga.* 495. In delivering the opinion filed in the *Langston* case, Mr. Justice Crawford did say, in effect, that no reason occurred to the members of the court, as then constituted, why a plaintiff who had renewed a dismissed suit without complying with the statutory requirement as to the payment of costs might not "so comply when the point was made against his proceeding with his second suit." (Page 440, bot.) But this was entirely obiter, as the point was not involved or passed upon in that case. There was no plea in abatement filed, and the question before the court was whether or not, as the law then stood, a pauper affidavit could be made in lieu of the payment of costs prescribed by statute. All the court ruled was that in view of the positive mandate of the statute, a pauper affidavit could not be thus substituted for the costs of the dismissed action. In the case cited from the 70th *Ga.* there was no plea in abatement. The suit had been brought in the superior court, therein dismissed by the plaintiff, and re-brought in the city court of Atlanta. When the case was called for trial, a motion was made to dismiss it because the costs in the superior court had not been paid. The issue thus raised was referred to a jury, and the jury found that the costs had, in point of fact, been paid. The defendant made a motion for a new trial, "which was granted unless the plaintiff would pay a certain sum of additional costs which the judge found to be due in the superior court." The plaintiff complied with the requirement thus placed upon him, and the defendant excepted to the judgment entered on the motion for a new trial. This court held that "the object of the law is to have the costs paid; they have been paid, and under the facts of the case a new trial is unnecessary on this ground." This decision, even if it can be said to have any application to the facts of the present case, is not binding or authoritative, having been rendered by two Justices only. Regarded as persuasive authority, we do not consider the decision sound, for reasons which will be hereinafter discussed. In the *Stirk* case, supra, Mr. Justice Blandford re-

marked: "We think that the provision of the code which re-quires that a party who has been nonsuited shall pay the costs incurred in that suit before he can bring another suit is a pro-vision for the benefit of the officers of court, and not for the benefit of the defendant; because the defendant, where there is a nonsuit, can not be made liable for the costs." (See 79 *Ga.* 497.) And as bearing out this view, Judge Blandford referred to the *Lang-ston* case, 68 *Ga.* 435, saying: It "seems to rule this case; be-cause in that case the parties, over objection, were allowed to pay the costs in the court below, and this court held that this was right." As we have already taken the pains to point out, no such ruling was, in point of fact, made in the *Langston* case. It is further to be observed that in *Stirk's* case the court explicitly held that the point raised by the defendant company as to the non-payment of costs in the original suit was not properly pre-sented for adjudication, inasmuch as this was a "matter which should have been pleaded in abatement at the first term of the court, so as to put the plaintiff on notice." Accordingly, what was said by Blandford, J., as to the meaning of the statute provid-ing for payment of costs before renewing a dismissed suit, is not to be regarded as anything more than the expression of an opinion, based largely upon a misconception of what was ruled in the *Langston* case, that a defendant was not concerned in the matter. And it is evident that he did not, as the spokesman of the court, undertake to place its decision upon the ground that if the defendant company had (as it had not) presented by a timely plea in abatement its objection to the plaintiff proceeding with her second suit, such plea in abatement should have been by the trial court held to be without merit. In the later case of *Sweeney* v. *Maloy*, 107 *Ga.* 83, the decision in the *Stirk* case was discussed and was held not to be controlling as to the meaning of the sec-tion of the code therein referred to; and it was then further dis-tinctly ruled that the Civil Code, § 5043, "makes the payment of the costs due upon a dismissed action a condition precedent to the recommencement of the same." Ibid. 82. The defendant, at the appearance term of the second suit, "filed a plea in abatement in which she alleged that the plaintiff had never paid to her the costs and expenses of his first suit, and praying that the [pending] proceeding be abated accordingly. This plea was demurred to,

the demurrer was overruled, and a trial had on the defendant's plea, which resulted in a verdict in her favor. Thereupon the plaintiff's action was dismissed," and he sued out a writ of error to this court, alleging "error in refusing to sustain [his] demurrer to the plea in abatement and in overruling his motion for a new trial." Thus the question was squarely made whether or not the defendant had a right to insist, by way of her plea in abatement, that the plaintiff's action should be dismissed because of his failure to comply with the positive mandate of section 5043 of the Civil Code; and this court definitely ruled that she had, and affirmed the judgment dismissing the plaintiff's renewed action. In view of this express holding and of the fact that what was said in the *Stirk* case was treated as obiter and unauthoritative, it is obvious that none of the above-cited cases upon which the plaintiff in error relies can properly be regarded as sustaining his contention. Again, in *Johnson* v. *Railway Co.*, 119 *Ga.* 185, this court in terms ruled that, "Under the Civil Code, § 5043, payment of costs was a condition to the right to maintain a new suit where there had been a previous dismissal or nonsuit." In that case, "the defendant filed a plea in abatement, on the ground that the costs had not been paid prior to the institution of the second suit, nor had the plaintiff filed" with his petition a pauper affidavit in conformity with the provisions of "the act of December 18, 1901 (Acts 1901, p. 80), which was of force at the time of the commencement of the second suit." Before this plea in abatement came on for trial, the plaintiff sought to meet it and prevent a dismissal of his suit by filing "a pauper affidavit setting out his inability, from poverty, to pay the costs." But this court held that "since the plaintiff did not, at the time of instituting the second suit, file the affidavit required by that statute," the judgment of the court below dismissing his action should be affirmed. This decision necessarily controls the case now before us; for if a plaintiff who has failed to comply with the statutory requirement that, if unable from poverty to pay the costs of the suit he seeks to renew, he must file a pauper affidavit before recommencing his action, can not defeat the right of the defendant to insist on a plea in abatement setting up the plaintiff's failure to comply with the terms of the statute, it necessarily follows that one able to pay the costs can not cure his neglect to do so

by offering to pay or actually paying to the officers of court the unpaid costs, after the defendant has, by the filing of a plea in abatement at the appearance term, exercised his right to insist that the plaintiff's second suit should be dismissed.

The evident intent of our statute is to prevent the harassing renewal of a suit which the plaintiff has, after calling upon the defendant to appear in court and defend it, elected to dismiss for some reason, good or otherwise. And the condition imposed upon him as to the payment of costs, before renewing his action, is in the nature of a penalty for not being ready and willing to press his original suit to a hearing on its merits. The expense incurred in bringing the dismissed action is thus thrown upon the plaintiff, and the costs thereof can not be recovered by him from the defendant, even though the former may, upon a final determination of his second suit, prevail in the cause. In other words, a plaintiff may arbitrarily and over the protest of the defendant dismiss a suit, his reasons for dismissing it can not be inquired into by the court; but he must in any event pay for this privilege, and can not, without first making payment of the costs of that suit, exercise his conditional statutory right to renew it. The statute under consideration may be analogized to that provision of our law (Civil Code, § 5094) whereby a plaintiff is prevented from harassing his adversary by bringing and simultaneously maintaining against him two or more suits for the same cause of action; for that statute, also, has in view the protection of a defendant against unreasonable harassment, expense, and annoyance. And the decision announced in *Johnson* v. *Railway Co.*, supra, is in line with that rendered by this court in the case of *Singer* v. *Scott*, 44 *Ga.* 659, wherein it was held: "If, pending a suit, another be brought against the same defendant for the same cause of action, the pendency of the first suit may be pleaded in abatement of the second, and the plaintiff can not defeat the plea by dismissing the suit first brought."

The decisions of this court as to the meaning of the statute providing for the payment of costs in a case where the losing party in the trial court exercises his right of appeal are not out of harmony with what is now ruled. When an appeal is taken the suit is in no sense discontinued, and the exaction as to payment of costs is for the benefit of the officers of the court from which

the case is taken by appeal.    Accordingly, it has been held that in this class of cases the failure of the appellant to pay the costs is a question between the officers of court and the appellant, and not one as to which the opposite party has any concern.    See *Gibson* v. *Cook*, 116 *Ga*. 817, and cit. '  The statutory require-ment as to the payment of costs in certiorari cases is also in-tended for the protection of the officers of court, and not for the protection of the defendant in certiorari, as was very clearly pointed out by Mr. Justice Lamar in the recent case of *Johns* v. *Lewis Drug Co.*, 120 *Ga*. 640. .  In each of the two classes of cases just referred to, liability for the expenses of litigation is, as between the parties, postponed until final judgment, and no pen-alty is imposed for a failure to pay costs as they accrue.

*Judgment affirmed.    All the Justices concur.*