## WHITE *v.* BRYANT.

1. Where a suit has been dismissed by the plaintiff, in order to bring a second suit for the same cause of action the plaintiff must pay the costs or file a pauper's affidavit showing his inability to do so. A failure in this regard furnishes ground for a plea in abatement.

2. Where one had instituted proceedings to foreclose his livery-stable keeper's lien, and dismissed the proceedings, and subsequently instituted other proceedings to foreclose the same lien, to which a plea in abatement was filed setting up that the costs in the first case had not been paid and that a pauper's affidavit in terms of the statute had not been filed, it was error to overrule the plea in abatement after the introduction of evidence sustaining the material allegations of the plea.
    JUNE 15, 1911.

Foreclosure of lien. Before Judge Fite. Whitfield superior court. January 22, 1910.

On the 6th day of January, 1909, T. J. Bryant instituted proceedings to foreclose his lien as a livery-stable keeper against John White. White filed his counter-affidavit; and on the same day Bryant filed his application with the ordinary for an order to sell the property described in his foreclosure proceedings. On the 9th day of the same month the plaintiff, through his attorney at law, dismissed the proceedings, and, subsequently to the dismissal of the case, Bryant instituted proceedings to foreclose the same lien. Whereupon the defendant White filed a plea in abatement, setting

up that the costs which had accrued in the first case had not been paid before the institution of the proceedings to foreclose a second time the lien sought to be foreclosed in the first proceeding, nor had the plaintiff filed with his second suit a pauper's affidavit showing his inability from poverty to pay the accrued costs in the first case. After hearing evidence the court overruled the plea in abatement.

The evidence submitted, relative to the issue raised by the plea in abatement, was as follows: Judge Longley, attorney for Bryant, testified: "After I brought the first suit I went up with the papers in my hand and called the clerk's attention that I wanted to dismiss and bring another suit, and I asked him if he would accept me for the costs, and he accepted me, and I paid it. Q. (Mr. Mann) You didn't pay it before you filed it? A. No, sir, I did not. Q. Did the sheriff and clerk both accept you? A. Yes, sir. I asked the clerk and sheriff, 'Will you accept me for the cost?' and he said they would, and I filed the suit and sometime afterwards I paid the money. Q. The sheriff consented to it? A. Yes, sir, I talked to the sheriff and clerk both." The sheriff testified: "Q. (Mr. Mann) You are the sheriff of the county? A. Yes, sir. Q. In the case of Bryant against White was the cost—you made the levy and served the papers? A. Yes, sir. Q. Was the cost in that case paid before you made the second levy? A. It has been paid. Q. How was it paid? A. Why, Judge Longley paid me. Q. When? A. Why, I didn't take no memorandum. Q. It was after the second suit was brought, wasn't it? A. Why, yes, it was after the second suit, but I thought you meant the day of the month. Q. Did he pay you before? A. No, sir. Q. Mr. Bryant didn't pay you before? A. No, sir, not before the levy; the cost has been paid. Q. That was after the suit was brought, who was to pay you before the suit was brought? A. The first suit? Q. Yes, sir. A. Why, I supposed it would come out of the parties; wasn't anything said about the first suit, I don't think. Q. Before the second suit was brought? A. Judge Longley told me he would see it paid, and I told him I would take him for it. Q. Mr. Bryant didn't say anything about it? A. After the stuff was sold I went over there with a bill of costs; he paid it; that was afterwards. Q. (Judge Longley) You mean by that the horses were sold and the costs paid? A. Yes, sir."

*William E. Mann,* for plaintiff in error.

BECK, J.   Under the decision in the case of *Wright* v. *Jett,* 120 *Ga.* 995 (48 S. E. 345), the court should have sustained the plea in abatement, and erred in refusing to do so and in overruling that plea.   The mere fact that the clerk and the sheriff agreed, in the language of the witnesses, to "take him [Mr. Longley] for the costs," did not meet the requirements of the statute.   It is disclosed by the evidence that the costs of the first case were not actually paid until after the institution of the second case.   The fact that the officers of the court agreed to take Mr. Longley, the attorney, for the costs did not mean that they had released the party plaintiff from liability for the costs.   It is unnecessary for us to rule as to what would have been the effect of an agreement between Mr. Longley, the attorney for the plaintiff, and the officers of court that they would accept his obligation to pay the costs in lieu of the obligation of the party plaintiff himself, and that the plaintiff should be entirely released from all liability for the costs.   We can not construe the agreement between the attorney and the officers of court so as to give it this meaning.   Such an arrangement between the plaintiff, who dismissed the first case, or his attorney, and the officers of court, relative to the payment of costs, fails entirely to satisfy the statute requiring the payment of costs, where a case is dismissed, before the suit can be brought again.   See, in this connection, *Wright* v. *Jett,* supra, and *Board of Education* v. *Kelley,* 126 *Ga.* 479 (55 S. E. 238).

*Judgment reversed.   All the Justices concur.*