### 6812. ATLANTIC COAST LINE RAILROAD CO. *v.* HARRIS.

BROYLES, J. Where a suit has been dismissed by the plaintiff, in order to bring a second suit for the same cause of action the plaintiff must first pay all the costs which accrued in the former suit, or file a pauper's affidavit showing his inability to do so. A failure in this regard furnishes ground for a plea in abatement. *White* v. *Bryant*, 136 *Ga.* 423 (71 S. E. 677); *Wright* v. *Jett*, 120 *Ga.* 995 (48 S. E. 345); *Williams* v. *Holland*, 9 *Ga. App.* 494 (71 S. E. 760).

(a) The payment of the costs must be made to some person authorized to receive it. A justice of the peace is not the proper party to receive payment of the costs of a certiorari proceeding; they should be paid to the clerk of the superior court. In this case there was some evidence showing that the costs of the certiorari were paid to the justice of the peace before the second suit was begun, but the undisputed proof was that the clerk of the superior court did not receive them until several months after the new suit was filed, and, the plaintiff having filed no pauper's affidavit of his inability to pay them, a finding in favor of the defendant on the plea in abatement was demanded, and the verdict for the plaintiff was unauthorized. The court therefore erred in overruling the motion for a new trial.        *Judgment reversed.*

DECIDED MAY 1, 1916.

Action for damages; from city court of Nashville—Judge Christian. July 2, 1915.

*Bennet & Branch, Hendricks, Mills & Hendricks,* for plaintiff in error. *Ira S. Clary, W. D. Buie,* contra.

---

### 6816. PUCKETT *v.* MEEKS.

BROYLES, J. On certiorari a judge of the superior court, in passing upon the evidence, has a wide discretion. In this case it is not shown that this discretion was abused by the overruling of the certiorari; and the judgment is                                *Affirmed.*

DECIDED MAY 1, 1916.

Certiorari; from Carroll superior court—Judge R. W. Freeman. June 29, 1915.

*B. F. Boykin, Raymond Robinson,* for plaintiff in error.

*J. O. Newell,* contra.