#### 11074.   SOUTHERN RAILWAY COMPANY *v.* CORLEY.

STEPHENS, J.   While a servant assumes the ordinary risks of his employment, which include not only such dangers as are within his knowledge but such as he can discover and foresee by the exercise of ordinary care, it cannot be said, as a matter of law, that an employee of a railroad company, while riding on top of a moving train upon a car higher than the other cars in the train and higher than those generally used by the railroad company, could discover and foresee the danger of being injured by coming in contact with an overhead bridge in the yard of the company, although he was aware of the extra height of the car upon which he was riding but without knowledge that on the high car he could not clear the bridge, and even though it appears that he was familiar with the railroad yard including the bridge and the distance of the bridge from the top of the cars ordinarily used by the company. The questions as to the negligence of the railroad and whether the servant could have avoided the consequences thereof by the exercise of ordinary care are for the jury.   *Stirk* v. *Central Railroad & Banking Co.*, 79 *Ga.* 495 (5 S. E. 105).

> *Judgment affirmed. Jenkins, P. J., and Smith, J., concur.*
> DECIDED MAY 5, 1920.

Action for damages; from city court of Atlanta — Judge Reid. October 25, 1919.

*McDaniel & Black,* for plaintiff in error.
*William E. Arnaud,* contra.