### FROMMEL & BROTHER v. COX et al.

GILBERT, J.  1. The court did not err in overruling the general demurrer to the petition.

2. The suit was not barred by laches nor by the statute of limitations.
(a) The running of the statute of limitations was tolled by the pendency of a former suit.
(b) Where a suit has been dismissed by the plaintiff, in order to bring a second suit for the same cause of action the plaintiff must pay the costs or file a pauper's affidavit showing inability to do so. A failure in this regard furnishes ground for a plea in abatement. *White* v. *Bryant,* 136 *Ga.* 423 (71 S. E. 677); *Wright* v. *Jett,* 120 *Ga.* 995 (48 S. E. 345). Unless the failure to pay costs appears on the face of the petition, demurrer is not the proper remedy to raise that issue.

3. The court did not err in overruling the grounds of special demurrer based upon duplicity, multifariousness, and misjoinder of causes of action.

4. The court did not err in directing a verdict for the plaintiff. Under the undisputed evidence the property sought to be recovered was the separate property of the wife, conveyed for the purpose of being used to pay or to secure the debt of the husband, with full knowledge of all the facts on the part of the creditor. No other verdict could have been rendered. Compare *Jackson* v. *Reeves*, 156 *Ga.* 802 (120 S. E. 541). The evidence on the question of duress was conflicting, and if the plaintiff had depended solely upon that issue it would have been error for the court to direct a verdict. Such, however, was not the case. The verdict for the plaintiff, which was directed by the court, was fully authorized for the reasons stated above, that the property was the separate estate of the wife, and that the conveyances to the husband and to the creditor to secure the husband's debt were with full knowledge of all the facts on the part of the creditor, and at the instance and request of the latter. Furthermore, when the property was sold under the judgment obtained by the creditor, the disputed issue as to notice on the part of the wife of such sale became immaterial, because the property was bought in by the creditor, the defendant in this case, and no rights of innocent third parties are involved.

*Judgment affirmed. All the Justices concur, except Atkinson, J., dissenting.*

No. 3960.　MAY 14, 1924.

Equitable petition. Before Judge Bell. Fulton superior court. May 14, 1923.

On January 7, 1921, Mrs. E. L. Cox filed a petition against Oscar Frommel & Brother and her husband, F. S. Cox, which, as amended, alleged in substance: On October 12, 1914, F. S. Cox was indebted to Frommel & Brother in the sum of $1,960.83, for merchandise shipped by the latter to the former upon consignment; Frommel & Brother were insisting that Cox had subjected himself to criminal liability, and were threatening to prosecute him. In order to avoid prosecution Cox induced the petitioner, his wife, to convey to him by deed dated September 5, 1914, recorded September 21, 1914, described realty located in Fulton County. On September 7, 1914, for the purpose of securing a note for $1,966, F. S. Cox executed to Frommel & Brother a mortgage upon the property conveyed by the deed above mentioned, said mortgage having been recorded September 15, 1914, and being uncanceled and unsatisfied upon the record. On October 9, 1914, the defendants procured from the petitioner a quitclaim deed, recorded October 21, 1914, conveying the same property to Frommel & Brother. On October 12, 1914, F. S. Cox executed to Frommel & Brother a security deed, recorded October 21, 1914, conveying the same

property to secure a note for the sum of $1,960.83. Frommel & Brother sued said note to judgment in Cobb superior court, conveyed the property for purposes of levy and sale, and at the judicial sale became the purchaser. Petitioner had no notice of and was not a party to the foreclosure proceeding, and did not know of the pendency of the suit or the levy of the execution or sale of the property until some time afterward; that she remained in possession, made improvements and paid taxes upon the property continuously. Frommel & Brother and F. S. Cox devised the scheme of procuring the conveyance of said realty from petitioner to her husband, so that he might mortgage said realty directly to Frommel & Brother for the purpose of securing his individual indebtedness to them; and the execution of the numerous conveyances herein described was in furtherance of said scheme and device, by which the property of petitioner was subjected to the payment of a debt due only by her husband, and whereby she became the surety for the payment of his debt. She executed the instruments conveying the realty solely because of her desire to save her husband from criminal prosecution. The fact that petitioner was not indebted to them and that the realty was her own private estate was known to Frommel & Brother at the time of the execution of the conveyances. The suit is a renewal of case No. 42716, instituted by Mrs. E. L. Cox against F. S. Cox and Oscar Frommel & Brother in Fulton superior court on May 20, 1919, within five years from the date of execution of the instruments mentioned, upon the identical cause of action and facts now set up, which suit was dismissed without prejudice on January 7, 1921, the day upon which the suit at bar was instituted. The prayers were, that the cloud upon the title of petitioner created by the above-mentioned conveyances be removed, and that the title to the property be decreed to be in petitioner.

Upon the trial the court directed a verdict, and judgment was entered in favor of the plaintiff upon all issues involved. The bill of exceptions assigns error upon the overruling of demurrers to the petition, and upon the direction of the verdict. The nature of the demurrers is sufficiently indicated by the rulings made in the headnotes.

*W. Carroll Latimer* and *Albert E. Mayer,* for plaintiff in error.
*Earl Sims* and *J. B. McCallum,* contra.