---

## STINSON *v.* BRANAN *et al.*

Where, after sanction and order nisi by the judge, a petition for injunction and other equitable relief is filed, but the clerk fails to issue the required process, and the sheriff serves the defendant with the petition and rule nisi without any process, such filing and service does not constitute such a valid suit as to render it necessary for the plaintiff, after dismissing it for the failure to issue and serve process, to pay the costs as a condition precedent to bringing another suit against the same defendants on the same cause of action. The second suit is not subject to plea in abatement.

No. 6347. August 17, 1928.

Equitable petition. Before Judge Park. Wilkinson superior court. October 17, 1927.

On January 10, 1927, I. B. Stinson presented to the judge at chambers a petition for injunction, receiver, and general relief against J. A. Branan, R. L. Sanders, and Mrs. Carrie Branan.

The judge thereupon issued a rule nisi calling upon the defendants to show cause before him, in vacation, why a temporary injunction and receiver should not be granted. The petition was filed in the office of the clerk of the superior court on January 18, 1927. The clerk did not issue any process. The defendants were each served by a deputy sheriff with copies of the petition and rule nisi, without any copy of a process. On May 14, 1927, the judge, by "consent" of the petitioner's attorney as expressed in a letter to the judge, entered an order dismissing the case "without prejudice to the rights of" the plaintiff, and requiring the plaintiff to pay the officers of court "——— costs." On the same date a second petition similar in all respects to the first was presented to the judge upon which a rule nisi was granted. The second petition was filed in the office of the clerk on May 19, 1927. The defendants filed a plea in abatement, praying for dismissal of the second action, on the ground that the second suit was instituted without payment of the costs of court incurred in the first suit or making a pauper's oath as prescribed by statute. The judge heard the case upon an agreed statement of facts and submission of evidence in substance as indicated above, and further evidence to the effect that after the second petition was presented but before it was filed, the clerk, on account of failure to issue process, disclaimed all costs; also that the sheriff disclaimed all costs, but the deputy sheriff did not make any disclaimer of costs. The judge sustained the plea in abatement and dismissed the action, stating in his order: "Under the evidence submitted the entire cost due the sheriff and deputy sheriff had not been paid, and there is no evidence before me that either the sheriff or the deputy sheriff authorized the clerk to refund their cost." The plaintiff excepted, assigning error upon the ground that the judgment of the court "was contrary to law and contrary to evidence."

　　*Allen & Pottle,* for plaintiff. *Sibley & Sibley,* for defendants.

　　ATKINSON, J. 1. "Where a suit has been dismissed by the plaintiff, in order to bring a second suit for the same cause of action the plaintiff must pay the costs or file a pauper's affidavit showing inability to do so. A failure in this regard furnishes ground for a plea in abatement." *Frommel* v. *Cox,* 158 *Ga.* 310 (2b) (123 S. E. 296); *Collins* v. *Burkhalter,* 144 *Ga.* 695 (2) (87 S. E. 888); *White* v. *Bryant,* 136 *Ga.* 423 (71 S. E. 677); Civil Code (1910),

48

§§ 5625, 5626. After a plea in abatement has been filed to the second suit on the ground of failure to pay the costs incurred in the first suit, a subsequent offer to pay the costs will not prevent a dismissal. *Wright* v. *Jett,* 120 *Ga.* 995 (48 S. E. 345). The decisions of this court cited above related to cases in which the suits which were dismissed were valid suits pending in the courts. In this case it is contended that there was no valid suit pending in the court, within the meaning of the statute, because no process was issued and no process was served.

2. Under the former rulings of this court, where a petition setting out a cause of action has been filed and followed up by the issuance of process and service as provided by law, the filing of the petition and service of the process will constitute a valid suit from the date of the filing of the petition; but if no process is issued within the time required by law, and there is no waiver of process, a valid suit will not arise by reason of the filing of the petition. *Nicholas* v. *British America Assurance Co.,* 109 *Ga.* 621 (34 S. E. 1004), and cit.; *McFarland* v. *McFarland,* 151 *Ga.* 9 (105 S. E. 596), and cit.; *Florida Central &c. R. Co.,* v. *Ragan,* 104 *Ga.* 353 (30 S. E. 745).

3. Under application of the principle last stated, if a petition setting out a cause of action for injunction, receiver, and general relief is presented to the judge of the superior court, upon which he enters his sanction and issues a rule nisi, and afterwards the petition is filed in the office of the clerk of the superior court, and the clerk fails to issue a process as required by law, and the sheriff proceeds to serve the petition and rule nisi upon the defendant, without any process, such filing and service of the petition will not constitute a valid pending suit within the meaning of the Civil Code (1910), §§ 5625, 5626, and render it necessary for the plaintiff, after having dismissed his case on account of the failure of the officers to issue and serve process as required by law, to pay the costs as a condition precedent to filing another petition against the same parties upon the same cause of action. The above sections of the Code are not designed to penalize a plaintiff and enrich the officers of court for failure of the latter to perform their duties.

4. It was erroneous for the judge to sustain the plea in abatement and to dismiss the petition.

*Judgment reversed. All the Justices concur.*