111 Ga. App. 620 (1965)
142 S.E.2d 402
KRAFT
v.
FOREST PARK REALTY & INSURANCE COMPANY et al.
41042.
Court of Appeals of Georgia.
Submitted January 6, 1965.
Decided April 29, 1965.
*622 J. E. Wilson, for plaintiff in error.
Smith, Ringel, Martin, Ansley & Carr, Palmer H. Ansley, contra.
EBERHARDT, Judge.
1. The sole ground of plaintiff's motion to strike the plea of Forest Park Realty & Insurance Company and of his objection to the allowance of an amendment to it was that no affidavit was attached indicating that the amendment was not filed for the purpose of delay, etc. Allowance of the amendment without the affidavit was discretionary with the court. Roberson v. Weaver, 145 Ga. 626 (2) (89 SE 769); Marsh v. Hix, 110 Ga. 888 (2) (36 SE 230). No abuse of discretion appears. There was no error in overruling the motion to strike or the objection to the allowance of the amendment.
2. While both pleas allege that the plaintiff "by acquiescence or agreement voluntarily renounced the cause of action," this allegation, being in the alternative, must be construed to allege no more than acquiescence. Richards & Associates, Inc. v. Studstill, 212 Ga. 375 (3) (93 SE2d 3); Belch v. Sprayberry, 97 Ga. App. 47, 50 (101 SE2d 870). Acquiescence does not amount to a renunciation unless the facts indicate that the party acquiescing knew or was charged with knowledge of what was happening.
It is alleged in both pleas that the dismissal came at a time when the plaintiff was in attendance upon court in connection with a hearing upon his application for injunction in case No. 5455. While this may be tantamount to an allegation that the plaintiff was in court when the dismissal for want of prosecution was entered in case No. 4620, there was no proof of it. That fact does not appear from any evidence in the record. Moreover, the order of dismissal, reciting that it was for the want of prosecution, speaks for itself and must control.
And if the proof had shown that plaintiff was present in court when case No. 4620 was called for trial and dismissed for want of prosecution we are of the opinion that, as to the payment of costs, the situation is controlled by Rumph v. Truelove, 66 Ga. 480 (1), followed in City of Chamblee v. Village of North Atlanta, *623 217 Ga. 517, 523 (123 SE2d 663), and Dowe v. Debus Mfg. Co., 52 Ga. App. 713 (184 SE 362).
The rule was referred to in Rountree v. Key, 71 Ga. 214, where it was observed that the basis of it was probably that the "want of prosecution" situation was not, eo nomine, embraced in Code § 3-508. The court concluded that "the ruling . . . is right in principle" since dismissals for want of prosecution occur very often where there is no deliberate act of the plaintiff to discontinue." However, in Rountree the real point at issue was whether a suit dismissed for want of prosecution might be recommended within six months.
Code § 3-508, insofar as is relevant, provides: "[A] nonsuit, dismission, or discontinuance is negative, and the plaintiff may recommence his suit on the payment of costs." This provision has been in every Code since 1861. "The evident intent of our statute is to prevent the harassing renewal of a suit which the plaintiff has, after calling upon the defendant to appear in court and defend it, elected to dismiss for some reason, good or otherwise. And the condition imposed upon him as to the payment of costs, before renewing his action, is in the nature of a penalty for not being ready and willing to press his original suit to a hearing on its merits." Wright v. Jett, 120 Ga. 995, 1001 (48 SE 345). "The Code ( § 3446) places upon one who recommences his action after a dismissal, non-suit or discontinuance, the condition of the payment of costs." Langston v. Marks, 68 Ga. 435. "The object of the law is to have the costs paid." City of Atlanta v. Wilson, 70 Ga. 714.
Certainly in the usual situation a nonsuit is involuntary  equally as much as a dismissal for want of prosecution. In Smith v. Floyd County, 85 Ga. 420, 422 (11 SE 850) it was held that "The Code, in § 3446 [now § 3-508], expressly recognizes the right of a plaintiff to recommence his suit on the payment of costs, after he has been nonsuited in a previous action." The requirement is recognized in Stirk v. Central R. &c. Co., 79 Ga. 495 (5 SE 105), and in Johnson v. Central of Ga. R. Co., 119 Ga. 185 (45 SE 988).
"`A discontinuance', according to Blackstone, third Book, p. 296, `is somewhat similar to a nonsuit; for when a plaintiff leaves a chasm in the proceedings of his cause, as by not continuing *624 the process regularly from day to day and time to time, as he ought to do, the suit is discontinued, and the defendant is no longer bound to attend; but the plaintiff must begin again, by suing out a new original, usually paying costs to his antagonist.' . . . So that it would seem that a discontinuance is where the plaintiff fails to follow up his case and leaves a chasm in the proceedings by his laches. There the defendant need attend no longer with counter pleadings, but would be entitled to have the case discontinued . . . It would seem that in this State, where no such strict links of pleading are necessary to make the chain at the end of which issue is joined, a failure to appear and prosecute, and thus follow up his case, or continue to prosecute, would operate as a discontinuance by the plaintiff's action, and the court might order that it be discontinued at the motion of the defendant, or do what is the same thing under our practice, in effect and substance,  dismiss the plaintiff's suit for want of prosecution." Rountree v. Key, 71 Ga. 214, supra.
Thus it is seen that a discontinuance, like the nonsuit, is involuntary and is the same thing as a dismissal for want of prosecution. In fact, a dismissal for want of prosecution is what results from a discontinuance. Ellard v. Simpson, 166 Ga. 278 (2) (142 SE 855).
No distinction or difference in the requirement for recommencing the action is recognized or mentioned in the Code section. In each instance it may be done "upon the payment of costs." The term "dismission" in the statue is broad enough to include any kind of dismissal of an action  whether voluntary or involuntary. Since it makes no exception the rules of statutory construction would lead to that result.
There is yet another reason why this is the proper interpretation of the statute, particularly since 1901. In that year the General Assembly made provision for the renewing of an action that had been "nonsuited, dismissed, or discontinued" by the filing with the second petition an affidavit of the plaintiff that owing to his poverty he was unable to pay the costs. Code § 3-509. It is a condition precedent that plaintiff pay the costs or file a pauper's affidavit before or at the time of renewing the action after a voluntary dismissal, White v. Bryant, 136 Ga. 423 (71 SE 677); Holmes v. Huguley, 136 Ga. 758, 761 (72 SE 38); *625 Collins v. Burkhalter, 144 Ga. 695 (2) (87 SE 888); Williams v. Holland, 9 Ga. App. 494 (71 SE 760); Morgan v. Hutcheson, 32 Ga. App. 501 (2) (123 SE 904); Brinson v. Kramer, 72 Ga. App. 63 (33 SE2d 41), or a nonsuit, Johnson v. Central of Ga. R. Co., 119 Ga. 185, supra. If the exception as to dismissals for want of prosecution was to keep from cutting off some poor fellow who was unable to pay costs, the reason for the rule no longer exists. He who is unable to pay is excused from doing it, but he who is able to pay ought to pay. It is a wrong to the officers of the court to whom costs are due to permit one who can pay to fail or refuse to do it, at the same time exacting of these officials further service, and accrue additional costs in the filing of another suit. This is as true when the former action has been dismissed for want of prosecution as when it was nonsuited.
If a dismissal for want of prosecution is entered erroneously or improvidently, the court may reinstate it upon motion without notice to or the consent of the defendant. Athens Apartment Corp. v. Hill, 156 Ga. 437, 443 (119 SE 631); Ford v. Eskridge, 53 Ga. App. 466 (186 SE 204). Here again the "poor fellow" is amply protected from any mistake that the court may make against him.
When Code § 3-508 was included in the Code it was but a codification of common law principles and, according to Blackstone in the quotation above, when one suffered a discontinuance of his action (being the same thing as a dismissal for want of prosecution) if he desired to "begin again" he was usually required to pay the costs of the first action.
In the light of these developments, where is any logical reason to be found in making a distinction between a situation in which the action was nonsuited and one in which the plaintiff suffered a dismissal for want of prosecution because he neglected to follow up and prosecute his case?
It is the duty of every litigant and his counsel to keep up with the progress of the case and to prosecute it with diligence. It is their failure to do this that results in a dismissal for want of prosecution. "The law rewards diligence, but is slow to harken to the prayer of the slothful. The vigilant man does not need to make excuses, but where one has sat idly by and overslept *626 his rights and permitted a judgment to be taken against him, which he might have prevented by the exercise of the slightest diligence, the law is not disposed to grant him relief." Florida Central R. Co. v. Luke, 11 Ga. App. 290, 294 (75 SE 270). Allowing a renewal by one whose suit has been dismissed for want of prosecution without payment of the costs, or the filing of a pauper's affidavit, is to reward the slothful, the negligent, the inattentive, the careless, the dilatory and to penalize the diligent, the alert and the industrious litigant.
The history of the Code section, the later developments in providing for the filing of a pauper's affidavit in lieu of paying costs, a consideration of the purposes and intent of the provision, the allowance of a reinstatement when the dismissal was improvident or improper, and a comparison of the nonsuit situation, all lead to the inevitable conclusion that the rule of Rumph and cases following it should be overruled. But that can be done only by the Supreme Court.
3. If the plea of res judicata by reason of the dismissal of the suit for injunction (there having been no appeal from the dismissal which was entered "with prejudice") were good we should affirm the sustaining of it, and the matter of whether the costs of the former actions were paid prior to the filing of the present one would become moot insofar as Forest Park is concerned, though not as to Bradford.
The suit for injunction, No. 5455, was filed September 24, 1962 against Forest Park Realty & Insurance Company and S. P. Phillips seeking to enjoin them from building, constructing or doing anything upon the lot of Forest Park Realty & Insurance Company located diagonally across Jefferson Avenue from the property of petitioner (Gordon L. Kraft) because the actions of the defendants in so doing were calculated to and would dam the natural flow of rainwater and make it spill over Jefferson Avenue onto the property of petitioner and do irreparable damage thereto. It was alleged that the building operations had started on September 6, 1962, and were in progress.
The present action, No. 6519, being a suit for damages only, was filed October 15, 1963 against Forest Park Realty & Insurance Company and Horace M. Bradford, the agent and servant of Forest Park. It alleges that on July 26, 1960, the defendant *627 Forest Park, by and through its agent Bradford, filed in the front of a lot located due north of plaintiff's lot with dirt, "thereby changing the normal flow of rainwater so that it drained each time it rained after and on August 22, 1960 onto plaintiff's property in unusually large amounts," and on the same date added dirt and built up the lot located across Jefferson Avenue, the effect of which was to "change the normal flow of water and cause water to cross Jefferson Avenue and pour onto plaintiff's lot every time it rained very hard," and that prior to the building up of the lot across Jefferson Avenue the water did not cross that street and pour onto plaintiff's property at any time.
An order was entered in the injunction suit November 6, 1962 reciting: "The above matter having come on regularly for hearing on November 6, 1962, pursuant to order of this court, and after hearing the evidence of all parties hereto and the argument of counsel, it is hereby ordered, adjudged and decreed that the motion of Forest Park Realty & Insurance Company to dismiss the above petition as to it, be and the same is hereby sustained in all respects, and said petition is hereby dismissed with prejudice as to the defendant Forest Park Realty & Insurance Company, with all costs taxed against the plaintiff."
Upon the basis of this order of dismissal Forest Park filed in the present action for damages a plea of res judicata, which was sustained.
Plaintiff urges that the cause of action in the injunction suit was not that in the present action, and that dismissal of the former can not be res judicata as to the present suit. Defendant, Forest Park, urges that both suits are grounded upon the same factual situation, arose out of the same alleged wrong, that it was incumbent upon plaintiff to include in his suit for injunction all matters which might properly have been included, and that he is bound by the final judgment of dismissal in the injunction suit as to all matters that could have been included whether they were or not.
It was held in Perry v. McLendon, 62 Ga. 598, 604 that "The effect of a judgment cannot be avoided by a difference in the pleadings, when those in the first case could and should have been as full as those in the second, though in fact they were not. No party, plaintiff or defendant, is permitted to stand his case *628 before the Court on some of its legs, and if it falls, set it up again on the rest in a subsequent proceeding, and thus evade the bar of the former judgment. It is the body of a case and not certain of its limbs only, that the final judgment takes hold upon . . . He must discharge all his weapons, and not reserve a part of them for use in a future rencounter. He must realize that one defeat will not only terminate the campaign, but end the war." This statement has been cited and followed in a long line of cases, both in the Supreme Court and in this court.
That damages may be sought in an action for equitable relief since the adoption of the Uniform Pleading Act of 1877 is well settled. A petition in equity may be changed by amendment into an action at law, or vice versa, and by the same token it may be amended to seek redress in the form of damages as well as equitable relief and vice versa. Cf. Wood v. Bewick Lbr. Co., 103 Ga. 235 (29 SE 820); Benton v. Benton, 164 Ga. 541 (139 SE 68). The adding of a claim for damages which grows out of the same factual situation does not amount to the adding of a new or different cause of action. Hancock v. Moriarity, 215 Ga. 274 (110 SE2d 403); Harrell v. Parker, 186 Ga. 760 (198 SE 776). If, then, plaintiff could or should have included in the injunction suit his claim for damages he will not now be heard to assert it.
When the suit for injunction was filed there was pending in the same court the suit at law, No. 4620, by Kraft against Forest Park Realty & Insurance Company and Horace M. Bradford seeking the recovery of damages for the diversion of surface waters from Kraft's adjoining lot onto his lot by reason of the filling in of its lot and constructing a retaining wall between them  the very one which was later dismissed for want of prosecution.
The present action is a renewal of the first damage suit, No. 4620, and includes additionally as a part of its claim damages which may have resulted from Forest Park's activity on the lot across Jefferson Avenue.
It appears that the suit for injunction was only as to the construction of a building on the lot across the street, and made no reference to the filling in of the adjoining lot and the construction *629 of a retaining wall between the parties. While plaintiff could and should have included in the suit for injunction any damages that may have accrued by activity on the part of Forest Park or its employees in wrongfully diverting water from across the street, and the plea of res judicata is good as to that, we can not agree that the plea is good as against the claim for damages on account of the defendants' activity on the adjoining lot. If he has been damaged by that it is a separate wrong and one to which the suit for injunction had no reference.
Judgment affirmed insofar as the plea of res judicata may have referred to claims for damages accruing from the filling in or the building activity of Forest Park on its lot across Jefferson Avenue, but reversed insofar as the plea refers to claims for damages arising from the filling in of the adjoining lot and the building of the retaining wall, and reversed as to the sustaining of the plea in abatement for nonpayment of costs in the suit dismissed for want of prosecution.
Judgment affirmed in part; reversed in part. Nichols, P. J., and Pannell, J., concur.