IN THE

## SUPREME COURT OF THE STATE OF GEORGIA,

## AT MACON,

### JUNE TERM, 1856.

Present—JOSEPH H. LUMPKIN,
HENRY L. BENNING, } *Judges.*
CHAS. J. McDONALD.

---

No. 13.—ROBERT A. CRAWFORD, administrator of John A. Lyon, deceased, plaintiff in error, *vs.* BUTT L. CATE, defendant.

[1.] If the Clerk receives an appeal from an administrator without exacting the costs, the appeal is good; for the Clerk, as to all concerned, except the appellant, is estopped from saying that he has not received the costs.

In Equity, in Webster Superior Court. Decided by Judge KIDDOO, April Term, 1856.

A bill was filed in favor of Butt L. Cate, against Robert A. Crawford, administrator of John A. Lyon, deceased, praying the delivery up and cancellation of certain promissory notes which the said Cate had given to the said Lyon in his lifetime; and also, praying that certain Common Law suits

which had been instituted on said notes, be enjoined until a hearing could be had on the bill. The case was submitted to a Jury in May, 1855, and resulted in a decree in favor of the complainant. The defendant demanded an appeal within the usual time, which was entered on the minutes, in the following words :

" And now comes the defendant, Robert A. Crawford, defendant in the above case, by his Attorney at law, James N. Ramsey, who being dissatisfied with the verdict and judgment on the above case, and enters his appeal as authorized by the Statute.        (Signed,)

ROBERT A. CRAWFORD, [L. S.]

Adm'r, &c. on estate of John A. Lyon.

By J. N. RAMSEY, his Att'y, &c. [L. S.]''

At the bottom of which, there was a memorandum added by the Clerk, dated May 8th, 1855, stating that the costs in the case had not been paid.

The case came on to be heard on the appeal, at the April Term, 1856, of Webster Superior Court, when Counsel for complainant moved to dismiss the appeal, on the ground, that the costs had not been paid before entering the appeal. Defendant's Counsel proposed to pay the costs *then*, if the Court held it necessary. This, however, the Court refused to permit, but sustained the motion to dismiss the appeal. To which rulings, defendant excepted.

RAMSEY & KING, for plaintiff in error.

TUCKER & BEALL, for defendant.

*By the Court.*—BENNING, J. delivering the opinion.

We agree with the Counsel for the defendant in error, that the Clerk is not bound to recieve an appeal, even from an administrator, until the costs have been paid to him.

But, then, we hold, that if the Clerk does receive an ap-

peal from an administrator, without exacting the costs, the appeal is good, and the Clerk becomes estopped from saying that the costs have not been paid to him—estopped as to all persons, at least, except the appellant.

The Clerk, in receiving an appeal is, so far as the costs are concerned, the agent of both the appellant and the appellee. And if the appellee were present, and were to tell the appellant that he might appeal without paying the costs, would the appellee have the right to move, afterwards, to dismiss the appeal on the ground that the costs had not been paid? Certainly not. There may be appeals, by consent of parties; and in such cases, the costs are hardly ever paid at the time of the appeal.

In this case, we consider the appeal to have been *received* by the Clerk; for although there is, at the foot of the entry of appeal, a memorandum of the Clerk, that the costs had not been paid, yet, that is entirely consistent with the idea that the Clerk had received the appeal.

Its object may well have been merely to exclude the conclusion, *as between the Clerk and the appellant*, that the costs had been paid.

We therefore reverse the judgment of the Court below.