GIBSON *v.* COOK.

It is no cause for dismissing an appeal to the superior court from the justice's court that the justice does not send up with the appeal papers a certificate or other evidence showing that the appellant has paid the costs which accrued in the trial of the case. The payment of the costs is a question between the magistrate and the appellant, and does not concern the opposite party.

Argued November 25, — Decided December 13, 1902.

Appeal. Before Judge Spence. Decatur superior court. May term, 1902.

*M. E. O'Neal*, for plaintiff in error.

COBB, J. This was a case tried in the superior court on an appeal from a justice's court. There was with the record sent up from the justice's court no certificate of the magistrate or any other evidence that the appellant had paid the costs which had accrued in the trial of the case. The appellant offered parol evidence tending to show that the costs accruing in the justice's court had been paid,

and that the magistrate had signed a certificate to this effect. The court refused to admit this evidence. The appellee then made a motion to dismiss the appeal, on the ground that there was with the record transmitted from the justice's court no certificate of the magistrate that the costs accruing in that court had been paid, and no other evidence with the record showing that this had been done. The court sustained this motion and dismissed the appeal, and the appellant excepted.

The code provides that, previously to obtaining an appeal, the appellant shall pay all the costs which may have accrued in the case up to the time of entering the appeal, and give bond and security for the eventual condemnation-money. Civil Code, § 4458. But there is no provision of law requiring the justice who tried the case to make a certificate showing that the costs have been paid. There is no requirement of law that the appellant shall file in the superior court evidence of any character that the costs have been paid. The code provides that when an appeal has been entered the justice shall transmit the papers to the clerk of the superior court. Civil Code, § 4468. And while the justice may refuse to enter an appeal until the costs have been paid, when this is done he must enter the appeal and transmit the record. If the justice of the peace should enter an appeal before the costs have been paid, it would be no cause for dismissing the appeal in the superior court that the appellant had not thereafter paid the costs. There is a code provision that before a writ of certiorari shall issue the plaintiff in certiorari must produce a certificate of the officer who tried the case that all the costs which have accrued on the trial below have been paid. Civil Code, §4639. But there is no such provision in the case of appeals. The exact point was decided in *Pearce* v. *Renfroe,* 68 *Ga.* 194 (3), where it was held that it was no cause for dismissing an appeal from a justice's court to the superior court that the magistrate had made no proper certificate that the appellant had paid the costs and given bond before the appeal was entered. The failure of the appellant to pay the costs is a question between the magistrate and the appellant. *Crawford* v. *Cate,* 20 *Ga.* 69 ; *Lyner* v. *Jackson,* Id. 773 ; *Stirk* v. *Railroad Co.,* 79 *Ga.* 495. The court erred in dismissing the appeal.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent.*