## JOHNS *v.* LEWIS DRUG COMPANY.

120   640
120  1002

1. The payment of costs in order to secure a certiorari is primarily intended for the protection of the officers, and where there have been successive trials and both parties have paid costs in order to secure new hearings, they are not obliged, during the pendency of the suit, to refund costs previously paid by their adversaries.
2. The question of ultimate liability, and the accounting for costs, is to be settled when the final judgment determines which party is cast in the suit.
3. The statute does not require that the applicant for a writ of certiorari shall pay costs which have accrued on previous hearings, but requires him to pay only the costs which have accrued on the trial resulting in the verdict or judgment to which he excepts.
4. Where the judgment of the justice was in favor of the plaintiff, and the defendant paid the costs and appealed, and the jury found a verdict in favor of the defendant and against the plaintiff, who paid the costs accruing on the appeal and produced a certificate to that effect, it was error to dismiss the certiorari on the ground that the costs accruing before the trial on the appeal had not also been paid.

Argued June 22,—Decided July 13, 1904.

Certiorari.  Before Judge Spence.  Mitchell superior court. January 8, 1904.

*L. Z. Rosser* and *Scaife & Powell*, for plaintiff.
*E. E. Cox*, for defendant.

LAMAR, J.  On the trial before the justice of the peace the plaintiff recovered, and the defendant paid the costs and appealed. On the trial before the jury the verdict was adverse to the plaintiff. He applied for a writ of certiorari, and exhibited the justice's certificate that he had received "payment in full of all costs accrued on the trial of the case of Robert Johns vs. Lewis Drug Co." The court dismissed the certiorari, because, from an agreed statement of facts between the parties, it appeared that Johns had only paid the costs accruing on the appeal before the jury, but had not paid the costs which had previously been paid by the Lewis Drug Company, the defendant, in order to secure the appeal.  This was error.  Where a case starts in a justice's court, the plaintiff may prevail before the justice, the defendant on appeal before the jury, the plaintiff before the superior court, and the defendant in this court, securing a reversal.  There may then be a new trial before another jury in the justice's court, and the case may again proceed through several successive trials.  In each instance the los-

ing party must pay the costs of the hearing resulting in a judgment to which he excepts. But there is no requirement that a party shall refund or come to an accounting as to what has formerly been advanced by his adversary. That is left until the final judgment decides who is cast in the suit. Civil Code, § 5385. But where there has been a trial and a judgment which is prima facie correct, the law requires the losing party to make an affidavit in forma pauperis, or give the bond and pay the costs, as a condition precedent to the writ of certiorari. While in some instances advantage may be taken of the failure to produce the certificate, yet this exaction is primarily in the interest of the officers. When they have been settled with by the payment, or by the affidavit which is its substitute, the officers have no further interest in the certiorari, and must otherwise protect themselves as to any claim for cost. The officer having been settled with, the losing party on the next hearing is obliged only to pay the costs which have accrued since the last settlement with the officer. The prevailing party is protected by the bond for the eventual condemnation-money, which, according to *Holton* v. *Hendley*, 75 *Ga.* 847, apparently includes the cost. But that plaintiff in certiorari is not required to pay anything more than the costs which accrued on the appeal seems to be definitely fixed by the language of the Civil Code, § 4639, which requires the applicant for a certiorari to produce a certificate that "all costs which may have accrued on the trial below have been paid," — not the costs on some previous trial, but on the trial which resulted in the verdict or judgment with which he is dissatisfied, and to which he excepts. There is no intimation in the statute that there is to be an intermediate shifting of accounts as to costs, or that the losing party is to refund to his adversary costs which the latter may have advanced in some previous stages of the litigation; nor is there any suggestion that the applicant for the certiorari is to again pay the justice costs already collected, and that the officer is then to account with the opposite party. All of such matters are to be settled between the plaintiff and the defendant when the final judgment determines who is cast in the suit. In the present case the defendant paid the costs to secure the appeal. The plaintiff paid the costs accruing on that appeal, and had complied with the condition en-

titling him to the benefit of the writ of certiorari. His petition should have been considered, and not dismissed on motion.

*Judgment reversed. All the Justices concur.*