## WRIGHT *v.* WALKER COUNTY FERTILIZER CO. *et al.*

Under the evidence in the case a judgment in favor of the defendants was unauthorized, and the court erred in refusing a new trial upon the motion made by the plaintiff.

No. 5715.    MAY 4, 1927.

Equitable petition. Before Judge Maddox. Walker superior court. October 1, 1926.

*Julius Rink* and *M. Neil Andrews,* for plaintiff.

*Norman Shattuck,* for defendants.

BECK, P. J. The Walker County Fertilizer Company, on July

Justices of the Peace, 35 C. J. p. 753, n. 93, 99; p. 755, n. 26; p. 781, n. 7; p. 782, n. 15; p. 786, n. 64.

New Trial, 29 Cyc. p. 820, n. 35.

5, 1923, recovered judgment against Mrs. E. A. Wright, in a justice's court in the sum of $82. Within the time allowed by law she filed her application for appeal and gave bond, and the appeal to the superior court was entered on the docket of the justice court. On October 16, 1923, as is alleged in the present petition, the justice of the peace who rendered the judgment, disregarding the appeal, "did issue and have service of summons of garnishment" sued out to enforce the judgment, and, the first garnishment having been dissolved, other summons of garnishment was issued and served. Alleging these and other facts to show that the plaintiff in the judgment is undertaking to force her to pay the amount of the judgment before the trial on appeal in the superior court, Mrs. Wright brought her petition for injunction and other relief. The defendants answered, and denied that an appeal had been made as provided by law. On the trial the jury returned a verdict for the defendants, and the plaintiff excepted.

No demurrer was filed by the defendants to the petition in this case. No question is raised as to the plaintiff's right to the equitable remedy of injunction. But the parties went to trial on the petition and answer, and submitted evidence. That evidence showed that a judgment had been rendered for the Walker County Fertilizer Company against the petitioner, Mrs. Wright, that her husband, who was agent for her in this matter, within four days after the judgment was rendered, made and filed an appeal with bond, in which bond there was the recital that the costs had been paid. It appears from the evidence of the husband, that at the time of entering the appeal he gave to the justice, the trial magistrate, a check for the costs, "telling him at the time that I did not have the money in the bank to cover the check, and requested him to date the check a few days later. The magistrate replied, 'That will be all right'." The magistrate made an entry on his docket, showing the appeal to the superior court. Afterwards this witness testified he went back to the magistrate, and the magistrate told him that he had sent the appeal to the superior court; that he (the husband) was not aware that it had never been transmitted to the superior court; that search was made in the office of the clerk of the superior court for the appeal papers, but they could not be found there. The magistrate testified: "I am the magistrate who tried the original case described in the pleadings in this case.

After the case was tried in my court and I rendered a judgment against the defendants, one of whom was Mrs. Wright, the plaintiff in this action, Mr. P. D. Wright [the husband], acting for Mrs. Wright, came before me within the four days required by law, and gave an appeal bond, praying an appeal to the jury in the superior court of Walker county. He did not pay the costs; he gave me a check for the costs and asked me to hold it a few days, which I agreed to do. Before the time for holding the check expired Mr. Wright again came and asked me to hold the check a few days longer, which I agreed to do. When several days later I presented the check at the bank for payment, payment was refused by the bank, and that check has never been paid, and I have never received my costs in the case. Immediately upon the giving of the bond and the check I made an entry in my docket showing that an appeal had been entered to a jury in the superior court. I do not know what became of the papers. I turned them over to some one in the clerk's office in the superior court. If they were found in the ordinary's office, I must have turned them over to the ordinary when I went out of office. After I failed to get the money on the check I made an entry on the docket that the cost had not been paid. I did not transmit the appeal, because the costs were not paid." It further appeared that the appeal papers, instead of being left in the office of the clerk of the superior court by the magistrate, had been left in the ordinary's office.

Under these facts we are of the opinion that the petitioner, having made a bona fide attempt to enter an appeal, and the trial justice having actually made an entry of appeal on the docket of his court, after having received the check given him by the husband of the defendant in the judgment, the case should be regarded as pending on appeal in the superior court; and the verdict finding that the defendant was not entitled to such equitable relief should have been set aside and a new trial granted. It is true that where the losing party in a justice's court desires to enter an appeal to the superior court or to a jury in the justice's court, the prepayment of the costs or the making and filing of an affidavit in forma pauperis is a prerequisite to the right to appeal. But we are of the opinion that where the justice accepted a check, as in this case, from the agent of the party desiring to appeal, he could not afterwards revoke that order or cancel or destroy its effect by making

an entry that the costs had not been paid, though that latter entry was true. In the case of *Stafford* v. *Wilson,* 122 *Ga.* 32 (49 S. E. 800), it was said: "Where a case is appealed to a jury in a justice's court, the payment of the costs which accrued on the first trial is a matter between the magistrate and the appellant, and does not concern the opposite party. Where the magistrate refuses to dismiss the appeal because such costs have not been paid, this amounts to a waiver of his right to have the costs paid in advance, and the appellee has no right to complain of the refusal to dismiss the appeal. *Gibson* v. *Cook,* 116 *Ga.* 817 [43 S. E. 72]." The payment of costs in order to carry an appeal is primarily intended for the protection of the officers of court. *Johns* v. *Lewis Drug Co.,* 120 *Ga.* 640 (48 S. E. 127). The magistrate is in such cases the collecting officer. As such officer he was not bound to receive the check in question. But where he did receive it and entered the appeal, it will not be dismissed in the superior court because the check had not been paid. In *Dieter* v. *Ragsdale,* 120 *Ga.* 417 (47 S. E. 942), it was held that an appeal from the justice's court to the superior court would not be dismissed because the magistrate did not send up with the appeal papers a certificate or other evidence that the costs had been paid. From the report of the case of *Short* v. *Cohen,* 11 *Ga.* 39, it appears that two motions were made; one to have the cause entered on the appeal docket, the other to dismiss the appeal. Both were founded upon the same question, and involved the same point. Cohen, against whom a decree was rendered at January term, 1851, in favor of Short and others, within four days after the adjournment of the court, demanded an appeal. The usual bond with security was entered on the minutes of the court, and attested by the clerk, in which it was certified that the said Cohen "had paid all costs." The motion to dismiss was founded upon the allegation that the costs were not actually paid. And in support of the motion the affidavit of the deputy clerk was tendered, stating that, "presuming the costs would be paid, and not being prepared with a bill of costs, as he was desirous to submit the bill to one of complainant's counsel, he attested the bond, which was drawn up in the usual form." The trial court refused the motion, holding, first, that he would not go behind the minutes of the court to inquire whether the costs were or were not actually paid; and second, that the clerk's own

statement showed that the costs were not paid, for his own accommodation. In that case it was held: "A party, within the time, applies to the clerk to enter an appeal, and gives bond with security which is entered on the minutes, and in which it is recited that the costs are paid, and which minutes are approved and signed. by the presiding judge. The costs are not paid to the clerk in hand, because, as he states, he is engaged with the business of the court, and tells the party that he wishes to look at the papers and consult the counsel for the opposite party before making out the bill of costs, and will make it out as soon as possible. The clerk testifies farther, that the costs were not tendered by the party, but that he has no reason to presume but that the costs would have been paid if the bill had been tendered, and no demand for the costs was afterwards made upon the party appealing. *Held,* that the statute requiring the cost to be paid before entering the appeal was substantially complied with, and that the appeal was regularly entered."

In the case of *Lyner* v. *Jackson,* 20 *Ga.* 773, it was held: "If the clerk of the court writes an appeal bond, reciting that all costs have been paid, and presents it to the appellant and his security for their signature, tenders no bill for costs and makes no demand of them of the appellant, and all the circumstances of the case show that it might be fairly presumed that the appellant had settled with the clerk for the costs, and the clerk puts the case on the appeal docket, the appeal will not be dismissed, although the costs have not been paid, and the clerk makes a memorandum at the margin of the bond of the amount due for the costs."

It follows from what is said above and the authorities cited and quoted from, that the case of Walker County Fertilizer Company against Mrs. Wright should have been treated as pending on appeal in the superior court, although the papers had not been actually left in the office of the clerk of that court, for the papers were found in the office of the ordinary; but the appellant would have had the right to have the appeal papers delivered to the proper officer and the appeal entered on the docket of the superior court, unless barred by laches, and it is not urged that she was so barred. The evidence submitted on the trial did not authorize a verdict in favor of the defendants, and the judgment refusing a new trial must be reversed.

*Judgment reversed. All the Justices concur.*