323 P.2d 951

John E. LEVANDOSKI, Appellant,

v.

Marcos E. PACHECO, Appellee.

No. 6438.

Supreme Court of Arizona.

April 9, 1958.

Hash & Bernstein, Phoenix, for appellant.

Cordova & Thompson, Phoenix, for appellee.

STRUCKMEYER, Justice.

This action was commenced to recover the sum of $2,240 paid by Marcos E. Pacheco to John E. Levandoski for a one-half interest in the license, equipment and inventory in a certain tavern. From a judgment in favor of appellee the appeal followed.

In March 1953 appellant owned a one-half interest in John and Paul's Tavern located near Phoenix, Arizona. On March 23, aft-

er some preliminary negotiations, appellee agreed to buy the appellant's interest. $2,000 was paid at that time and two or three days later, after an inventory had been taken, the further sum of $240 was paid. As a condition of sale it was agreed that if the transfer of Levandoski's one-half interest in the liquor license was not approved by the State Superintendent of Liquor Licenses and Control, the sale would be void. Subsequently, the Superintendent disapproved the transfer. Appellant refused to return the $2,240, defending his refusal on the ground that appellee was not entitled to recover the purchase price until he had returned or offered to return the equipment and inventory received. The property has not and cannot be returned as seemingly some of the equipment was stolen and part destroyed by vandals.

Appellant urges that when the property "is transferred to the buyer the goods are at the buyer's risk whether delivery has been made or not." Uniform Sales Act, now section 44–222, A.R.S.1956. It is appellee's argument that the property was not transferred to him, the buyer, that this issue was determined against appellant by the trial court, and that while there was evidence to the contrary, the court's finding is amply supported.

Appellee testified:

"Q. Now, Mr. Pacheco, you say that you didn't take possession of the John & Paul's Tavern? A. Never."

Lupe Obregon, who worked at the tavern for a period of thirteen months including all of the time during which appellant contends possession was in appellee, corroborated this.

"Q. Was Marcos Pacheco ever your employer? A. No.

\* \* \* \* \* \*

"Q. Did Marcos ever receive, to your knowledge, any money from the business? A. No.

"Q. Did Marcos ever pay you? A. No.

"Q. Who were you taking orders from at that time? A. Paul. [The owner of the other half interest]

"Q. Who was the other employer? A. Well, that I know of, Mr. Levandoski was there."

This evidence is sufficient to sustain a finding by the trial court that the appellee did not take actual possession of the property.

The appellant, however, relies on the written sales contract of March 23, 1953 as evidence of the intention of the parties to transfer appellant's interest to appellee.

"March 23, 1953. I, J E. Levandoski am selling my half interest in the John and Pauls Tavern at 1271 South Central Avenue, Phoenix, Arizona to Marcus E. Pacheco for the sum of $2000.00 Two Thousand Dollars, plus

inventory. If transfer is not approved half of profits in wages be turned to me J. E. Levandoski. In this sale is included half of all the fixtures such as tables, chairs, both, refrigerators cash register, heating stove, kitchen range, dishes, glasses, beer box (electric) counter, back bar, ski ball table, rinsing tank, 2 coolers one floor fan, walk in box fully equipped with motor in coil."

Appellant argues from the words "If transfer is not approved half of profits in wages be turned to me J. E. Levandoski" that the parties intended for the possession of the equipment and inventory to pass to the buyer Pacheco; that only by the buyer taking possession could the profits come into the hands of Pacheco so as to be turned over to the appellant. While the quoted words are susceptible of the meaning sought to be ascribed to them by appellant, we do not think they must necessarily be so construed. This was a provision for the disposition of the profits of the business in the event the sale was not consummated by transfer of the license. If the transfer was not approved, then the profits would be turned to appellant Levandoski; but necessarily the converse would be that if the transfer was approved, the profits would be turned to the appellee Pacheco. The trial court could conclude that the sentence relied upon did not show an intention to transfer immediate possession and that it was

inserted in the contract for the purpose of determining who would be entitled to the profits pending the determination by the Superintendent of Liquor Licenses and Control.

Other language of the contract supports the trial court's interpretation. The first sentence of the contract stating "I, J E. Levandoski am selling my half interest * * *" plainly indicates that the sale was not intended to be completed as of March 23, 1953. It is reasonable to believe that the parties intended for the transaction to be final as of the date of the approval by the Superintendent and that they further intended for the ultimate transfer of interest to then occur. Since the trial court could have found that there was no transfer of possession or intention to transfer, the loss was appellant's and not appellee's.

It is appellant's further argument that the court's order of June 28, 1956 stating "It Is Ordered for judgment in favor of the plaintiff and against the defendant, J. E. Levandoski," does not constitute an entry of judgment. Rule 58(a), Rules of Civil Procedure, 16 A.R.S., then § 21–1230, A.C.A.1939 provides that "judgment shall be entered when the court so directs." The verb "direct" is defined in Webster's New International Dictionary, 2nd Ed., as meaning "to give an order." We hold that the two words "direct" and "order" are

synonymous and that when the court ordered judgment, it directed the entry of the judgment.

Judgment affirmed.

UDALL, C. J., and WINDES, PHELPS and JOHNSON, JJ., concur.