20724. STATE HIGHWAY DEPARTMENT *v.* HENDRIX.

Argued March 14, 1960—Decided April 4, 1960.

*Eugene Cook*, Attorney-General, *Paul Miller, Carter Goode,* Assistant Attorneys-General, *F. H. Boney, W. J. Gibbons, R. U. Harden, Graydon Riddick,* for plaintiff in error.

*Foley, Chappell, Kelly & Champion, Kenneth M. Henson, John W. Maddox, Oscar M. Smith, Harold Sheats, Griffin Patrick, Jr., S. B. McCall,* for parties at interest not parties to record.

*Robert Edward Surles,* contra.

*John G. Cozart,* for party at interest not party to record.

Candler, Justice. Pursuant to the provisions of Chapter 36-11 of the Code of 1933, as amended by an act approved January 13, 1938 (Ga. L. 1937-38, Ex. Sess., p. 251), the State Highway Department filed a proceeding in rem to condemn and thus

acquire fee-simple title to a described 3.733-acre tract of land in Chattooga County as a right-of-way for a State-aid road. The petition alleges on information and belief, that W. G. Hendrix is the apparent owner of the land sought to be condemned. It also alleges: "Because the petitioner believes that there may be taxes due on said land, and that the title of the apparent owner is incomplete, and that there may be persons unknown and non-resident who may have some claim or demand thereon, and for other reasons, petitioner brings this action in the Superior Court of Chattooga County, Georgia, as by statute in such cases made and provided." Assessors were selected, agreed to serve, took the oath required of them, and on September 16, 1957, and after an inspection of the property and a hearing, a majority of them awarded $3,359.70 for the land described in the petition and $1,800 as consequential damages to adjacent lands of W. G. Hendrix, or a total award of $5,159.70, and filed their award in the office of the Clerk of the Superior Court of Chattooga County. Being dissatisfied with the amount awarded, the State Highway Department on September 18, 1957, filed its appeal to a jury in the Superior Court of Chattooga County, and the full amount of the award was at that time paid into the registry of the court. On September 30, 1957, W. G. Hendrix applied for an order directing the clerk of the court to pay the award to him, alleging sole ownership in himself of the property being condemned. His application was granted on the day it was presented, and the award was paid to him on the same day by the clerk's check which he accepted and cashed. There was no exception to that order. On March 19, 1959, he filed a motion to dismiss the condemnor's pending appeal. His motion alleges that tender of the award to him was a condition precedent to the State Highway Department's right to file and prosecute an appeal from the assessors' award, and that no such tender was made to him before the appeal was entered and before the award was paid into the registry of the court. His motion was heard and denied on April 17, 1959, and he excepted to that judgment and sued out a writ of error to the Court of Appeals. That court, with Chief Judge Felton dissenting, reversed the judgment excepted to, and the case came to this court for review on certiorari to the Court of Appeals.

1. In the instant case the Court of Appeals held that a tender

of the award to W. G. Hendrix and its payment into the registry of the court on his refusal to accept it, was a condition precedent to the State Highway Department's right to file and prosecute its appeal to a jury in the Superior Court of Chattooga County; and since this is the only ruling excepted to in the petition for certiorari, no other question raised can or will be considered by this court. See *Trammell* v. *Throgmorton*, 210 *Ga.* 659 (82 S. E. 2d 140), and citations. As authority for the ruling excepted to, the Court of Appeals cited and relied on *Woodside* v. *City of Atlanta*, 214 *Ga.* 75 (103 S. E. 2d 108), and *State Highway Department* v. *Wilson*, 98 *Ga. App.* 619 (106 S. E. 2d 544), each of which involved a proceeding in rem to condemn land for a public use, a proceeding which had been brought under the provisions of Chapter 36-11 of the Code of 1933 as amended by the act of 1938. While those cases hold that the condemnor's appeal could not be maintained and prosecuted, yet the record in each of them shows that the award there made had neither been tendered to the owner nor paid into the registry of the court. This being true, they are not in point on their facts with the instant case, and therefore constitute no authority for the ruling made by the Court of Appeals on which error is assigned in the application for certiorari.

2. It is a matter of common knowledge in this State that an apparent owner's title to land is frequently found to be incomplete or defective for various reasons, and that title to land is often encumbered by liens for taxes and otherwise, which may or may not be enforceable. Prior to the condemnation act of 1914, the only method of procedure which this State supplied for exercising the right of eminent domain was Chapters 36-3, 36-4, 36-5, and 36-6 of the Code. Under those methods of condemnation, no suit was filed; no judicial ascertainment of the rights of the parties was, or could be, had thereunder. If there were conflicting interests or unknown interests or unascertained interests in the land involved, no remedy to determine such issues was provided thereby, the only available recourse for adjudicating such matters being a suit in equity. Only an easement in the land could be acquired by the condemnor, and the property reverted to the owner on termination of the use for which it was condemned. The proceeding there provided for was only one between the con-

demnor and the apparent owner of the land desired and needed for a public use. In the instant case, there is no contention that the State Highway Department did not have a right to condemn fee-simple title to the property involved for the use alleged in its petition, no attack is made on the validity of the condemnation act of 1914 as amended in 1938, and the sufficiency of the petition as brought in rem is not challenged by demurrer or otherwise. Such act was "intended to make simpler and more effective the method of condemnation in those cases where conflicting interests or doubtful questions render a judicial supervision of the procedure desirable." Code (Ann.) § 36-1115. It is expressly declared by Code (Ann.) § 36-1104 that, "Whenever the State of Georgia or the United States, and all persons or corporations having the privilege of exercising the right of eminent domain, shall desire to take or damage private property in pursuance of any law so authorizing, and shall find or believe that the title of the apparent or presumptive owner of such property is defective, doubtful, incomplete or in controversy; or that there are or may be persons unknown or nonresident who have or may have some claim or demand thereon, or some actual or contingent interest or estate therein; or that there are minors or persons under disability who are or may be interested therein; or that there are taxes due or that should be paid thereon; or shall, for any reason, conclude that it is desirable to have a judicial ascertainment of any question connected with the matter; such government, person or corporation, may, through any authorized representative, either in term time or vacation, petition the superior court of the county having jurisdiction, for a judgment in rem, against said property, condemning the same to the use of the petitioner upon payment of just and adequate compensation therefor to the person or persons entitled to such payment." The petition which must be brought against the property needed for a public use must set forth the facts showing the right to condemn; describe the property to be taken or damaged; the names and residences of the persons whose property or rights are to be taken or otherwise affected, so far as known; shall describe the persons or classes of persons unknown, whose rights therein are to be excluded or otherwise affected; shall set forth such other facts as are necessary for a full understanding of the cause; if any of the

persons referred to are minors or under disability, that fact shall be stated; and must pray for such judgment of condemnation as may be proper and desired. Code § 36-1105. On the filing of such a petition, the presiding judge must grant an order requiring all persons concerned to appear at a time and place therein designated, and make known their objections, if any, their rights, if any, their claims as to the value of the property or of their interest therein, and any other matters material to their respective rights. Code § 36-1106. Elaborate provision is also made for service of the petition and order and for prescribed notice of the pending proceeding to all persons, known or unknown, sui juris or otherwise, who may have any possible claim to or interest in the property being condemned or any lien or demand thereon. Code §§ 36-1107, 36-1108. "On the day named in the rule, or at any other time to which the hearing may be continued, the court, having first passed on and adjudged all questions touching service and notice, shall, after hearing from all persons responding and desiring to be heard, make such order as to the appointment of assessors as shall conform most nearly to the provisions of Chapters 36-2 to 36-6 and give all persons interested equal rights in the selection thereof. If, by reason of conflicting interests or otherwise, such equality of right cannot be preserved, the judge presiding shall himself make such order on the subject as shall secure a fair and impartial assessment, or may, in his discretion, order the issues tried in the first instance by a jury." Code § 36-1109. "No provision contained in this Chapter in reference to any rule or order, or time for responding thereto, shall be held or construed to exclude any person, as by way of default, from making known his rights or claims in the property or in the fund arising therefrom. Any such person claiming an interest or any rights therein may file appropriate pleadings or intervention at any time before verdict or award, and be fully heard thereon. If any person, after judgment of condemnation, shall desire to come in and be heard on any claim to the fund or to any interest therein, he shall be allowed to do so. After condemnation is had and the fund paid into the registry of the court, the petitioner shall not be concerned with or affected by any subsequent proceedings unless upon appeal from the verdict or award. . ." Code § 36-1113. "The award or verdict, as the case may be,

shall have respect, either to the entire and unencumbered fee, or to any separate claim against the property or interest therein, as may be ordered, and may be molded under the direction of the court so as to do complete justice and avoid confusion of interests; and it shall be within the power of the court . . . to adjudge a condemnation of the title in fee simple, and give such direction as to the disposition of the fund as shall be proper, according to the rights of the several respondents, causing such pleadings to be filed and such issues made up as shall be appropriate for an ascertainment and determination of such rights." Code § 36-1111. No provision of the act as amended provides for or contemplates tender to or direct payment of the amount awarded or fixed by the verdict to the apparent owner of the land, by the condemnor; but the purpose and the mandatory requirement of the amended act is for the condemnor to pay the same into the registry of the court so that it may be disbursed after a judgment has been taken against the property described in the petition and to those responding parties whom the judge, after hearing their respective claims thereto, finds to be justly entitled. Accordingly, the judgment rendered by the Court of Appeals is erroneous.

*Judgment reversed. All the Justices concur, except Quillian, J., who is disqualified. Duckworth, C. J., and Head, P. J., concur in the judgment only.*

HEAD, Presiding Justice, concurring specially. The sole question in the present case (a condemnation proceeding under Chapter 36-11 of the Code) is whether tender of the award of the assessors to the nominal or apparent owner must be made before or at the time the appeal is filed, or whether payment of the amount of the award into the registry of the court meets the requirements of the law. The sole provisions pertaining to payment are found in § 36-1111, as follows, "it shall be within the power of the court, upon payment of the award or verdict into the registry of the court, to adjudge a condemnation of the title in fee simple, . . ."; and in § 36-1113, as follows: "After condemnation is had and the fund paid into the registry of the court, the petitioner shall not be concerned with or affected by any subsequent proceedings unless upon appeal from the verdict or award as hereinbefore allowed." Under these provisions of

Chapter 36-11, authorizing condemnation in rem and acquisition of the fee-simple title, tender to the nominal or apparent owner is not only not required, but is actually precluded by the quoted language in the above sections of the law. It is clear (from the provisions of Chapter 36-11) that payment into the registry of the court is in order that the court may direct disbursement of the award in accordance with the legal rights of claimants thereto, since the proceeding is in rem and for condemnation of the fee-simple title.

The decision in *State Highway Department* v. *Wilson*, 98 *Ga. App.* 619 (106 S. E. 2d 544), does not support the ruling made by the Court of Appeals in the present case. In the *Wilson* case the award was filed on February 6. On February 14, the State Highway Department filed an appeal, and on February 26, the State Highway Department tendered into court the amount of the award. The appeal was not, therefore, completed and filed within the ten days provided by law, but in 20 days. It was therefore properly dismissed.

In *Woodside* v. *City of Atlanta*, 214 *Ga.* 75 (103 S. E. 2d 108), the statement of facts shows that the motion to dismiss was on the ground that the award had not been tendered to the owners or paid into the registry of the court. While there is language in the opinion in the *Woodside* case supporting the theory that tender should be to the owner or owners where known, the statement in division 3, to the effect that "The condemnor declined to tender the amount of the award to the owners or to pay it into the registry of the court for their benefit, but filed an appeal to a jury in the Superior Court of Fulton County," further demonstrates that the *Woodside* case involved the contention that payment had not been made into the registry of the court.

I therefore concur in the judgment of reversal. I am authorized to say that Mr. Chief Justice Duckworth joins me in this special concurrence.