37969. STATE HIGHWAY DEPARTMENT v. TAYLOR.

DECIDED JUNE 30, 1960.

16

*Eugene Cook*, Attorney-General, *Paul Miller*, Assistant Attorney-General, *Eugene B. Brown*, *Walter B. Fincher*, for plaintiff in error.

*George T. Bagby*, *William Hall*, contra.

GARDNER, Presiding Judge. ■ This court certified to the Supreme Court certain questions in connection with the decision in this case which appear in *State Highway Dept. v. Taylor*, 216 Ga. 90 (115 S. E. 2d 188). That court stated, in answer to the first question that, "tender of the amount of the award of the assessors to the apparent or ostensible owner of the land involved is not a condition precedent to the condemnor's right to enter an appeal to a jury, when the amount of the award has been paid into the registry of the court within the time pro-

vided by law for the filing of an appeal." Accordingly, grounds 2, 3 and 4 of the motion to dismiss are without merit.

■ As to grounds 5 and 6, it is of course true that the condemnor cannot insist upon its right to take the property and at the same time refuse to pay the amount awarded to the condemnee. In answer to the third certified question in this case the Supreme Court stated: "Where the condemnor pays the amount of the award of the assessors into the registry of the court as provided by Chapter 36-11 of the Code, the condemnor is not thereafter concerned with its distribution." In this answer and also in *State Highway Dept. v. Hendrix*, 215 Ga. 821, 825 (113 S. E. 2d 761) the court cites *Code* § 36-1113 providing in part as follows: "If any person, after judgment of condemnation, shall desire to come in and be heard on any claim to the fund or to any interest therein, he shall be allowed to do so. After condemnation is had and the fund paid into the registry of the court, the petitioner shall not be concerned with or affected by any subsequent proceedings unless upon appeal from the verdict or award." The judge of the superior court wherein the fund is paid thus has jurisdiction to determine to whom the fund shall be paid, and this is not a matter which concerns the condemnor. The facts of this case show that the condemnor did not refuse to pay the amount awarded, for which reason grounds 5 and 6 of the motion to dismiss the appeal are without merit. No other grounds of dismissal appear from this record to have been urged before the trial court, and accordingly no other will be considered here.

It was error for the judge of the superior court to dismiss the appeal of the condemnor for the reasons stated.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*