38362. STATE HIGHWAY DEPARTMENT v. DRAPER *et al.*

DECIDED JULY 1, 1960—REHEARING DENIED JULY 15, 1960.

*Eugene Cook, Attorney-General, Carter Goode, Paul Miller, Assistant Attorneys-General, William M. Mallet, Deputy Assistant Attorney-General, George P. Dillard,* for plaintiff in error.

*Davis & Stringer,* contra.

NICHOLS, Judge. 1. Under the decisions in *Woodside v. City of Atlanta,* 214 Ga. 75 (103 S. E. 2d 108), and *State Highway Dept. v. Wilson,* 98 Ga. App. 619 (106 S. E. 2d 544), as construed by the Supreme Court in *State Highway Dept. v. Hendrix,* 215 Ga. 821 (113 S. E. 2d 761), an appeal by a condemnor from the assessors' award to a jury in the superior court is valid only when the amount of the assessors' award is properly paid or tendered into the registry of the court within the statutory period in which appeals are allowed. The question here to be decided is whether or not an appeal is valid when the appeal is filed before the amount of the assessors' award is paid into the registry of the court (both having been accomplished within the statutory period allowed in such cases for appeal).

While the appeal as originally filed in this case, under the above decisions was invalid and subject to motion to dismiss, such defect could have been waived by the condemnees by fail-

ing to properly object before a verdict by a jury. The jury's verdict, as with other amendable defects in pleadings, would forever cure such defect. The defect in the appeal as originally filed, being one that would be cured by verdict, was amendable, and the payment of the assessors' award into the registry of the court within the statutory period allowed for same was tantamount to an amendment, and when the appeal was thus amended, it was not subject to the condemnees' motion to dismiss.

Accordingly the trial court's judgment sustaining the condemnees' motion to dismiss must be

*Reversed. Felton, C. J., and Bell, J., concur.*