### 38715.   MURRAY v. STATE HIGHWAY DEPARTMENT *et al.*

DECIDED APRIL 4, 1961—REHEARING DENIED APRIL 18, 1961.

*Hatcher, Smith, Stubbs & Rothschild, Albert W. Stubbs,* for plaintiff in error.

*Eugene Cook, Attorney-General, Carter Goode, E. J. Summerour, Assistant Attorneys-General, Joe Rogers,* contra.

BELL, Judge. ■ We consider initially the contention of the condemnee that in passing upon an oral motion to strike and dismiss the motion to dismiss the appeal, the trial court cannot consider the evidence. In support of this contention, condemnee urges that an oral motion to strike or dismiss the pleading is similar to or in the nature of a general demurrer and, therefore, no matters of evidence can be considered. While certainly this is the rule in cases testing the pleadings by a motion to strike, nevertheless a motion to dismiss an appeal, at least in condemnation proceedings, under *Code Ch.* 36-11, which is regulated by *Code Ch.* 36-6, falls in a different category from an oral motion to strike pleadings, amendments, or answers. Here the motion to dismiss the appeal raises issues of fact such as whether the condemnation money has been paid into the registry of the court as required by law. If the deposition of the clerk of the court relating to the issue of payment of condemnation money and of costs cannot be considered on the motion to dismiss the appeal, how is the judge to determine the issue? Common sense impels us to conclude that the deposition and stipulation were properly considered by the trial judge in this case. The deposition and stipulation here furnish the only means of setting forth proof of the facts upon which the respective parties based their contentions, the condemnor contending that the condemnee received payment, while the condemnee urges that the appeal had to be dismissed for lack of compliance with the required constitutional and statutory provisions for a valid appeal in condemnation cases.

■ The next issue relates to the problem in condemnation proceedings where an award of the assessors must have been paid

as a condition precedent before an appeal can be taken by the condemnor. The statute, *Code* § 36-1110, provides that the same right of appeal shall lie from an assessors' award to a jury in the superior court, as authorized in Ch. 36-6, and upon like terms and conditions in all respects as are therein sanctioned. *Code* § 36-601 provides that in case either party or the representative of either party is dissatisfied, he or they may, within ten days from the time the award is filed, enter in writing an appeal from the award to the superior court where the award is filed. The record in this case reveals that the appeal by the State Highway Department was entered on October 10, 1959. The stipulation of facts shows that on October 9, 1959, the clerk of court handed to the condemnee a check in payment of the amount of the assessors' award. The check was payable to the condemnees originally listed in the condemnation proceedings, namely, E. N. Murray and Marion County Lumber Co. E. N. Murray forwarded the check to Marion County Lumber Co., who returned it to Murray with the company endorsement upon it. The check was endorsed by Murray on October 13, 1959, and deposited that day to his account in the bank upon which it was drawn. While the stipulation of facts does not cover the matter, the perforations in the check indicate payment on October 14, 1959.

Numerous cases cited in the briefs of counsel are concerned with the question as to when a check is or is not payment and whether the payment relates back to the time of receipt of the check by the payee. However, here it is not necessary to pass upon these matters. "Under the decisions in *Woodside v. City of Atlanta*, 214 Ga. 75 (103 S. E. 2d 108), and *State Highway Dept. v. Wilson*, 98 Ga. App. 619 (106 S. E. 2d 544), as construed by the Supreme Court in *State Highway Dept. v. Hendrix*, 215 Ga. 821 (113 S. E. 2d 761), an appeal by a condemnor from the assessors' award to a jury in the superior court is valid only when the amount of the assessors' award is properly paid or tendered into the registry of the court within the statutory period in which appeals are allowed." *State Highway Dept. v. Draper*, 102 Ga. App. 199, 200 (115 S. E. 2d 590). The question for decision in the *Draper* case was whether or not an appeal was valid

when it was filed *before* the amount of the assessors' award was paid into the registry of the court (both having been accomplished within the statutory period allowed for appeal). There the court held that while the appeal as originally filed under the cited decisions was invalid and subject to a motion to dismiss, the defect could have been waived by the condemnees by failing to properly object before a verdict by a jury, and that the jury's verdict, as with other amendable defects in pleadings, would forever cure such defect; that the defect in the appeal as originally filed, being one that would be cured by verdict, was amendable, and the payment of the assessors' award into the registry of the court within the statutory period allowed was tantamount to an amendment, and when the appeal was thus amended, it was not subject to the condemnees' motion to dismiss. In the *Draper* case the amount of the assessors' award was paid six days after the condemnor filed its appeal from the assessors' award to a jury. Both the appeal and the payment were within ten days of the judgment of the court on the award of the assessors. In the present case the money was not paid into the registry of the court (which, of course, would receive the payment for delivery to the condemnee), but was paid directly to the condemnee three days after the condemnor's appeal was filed and six days after the judgment of the court was entered on the assessors' award. Under the authority of the *Draper* case the payment here was properly made directly to the condemnee, who indisputably received and accepted it within ten days after the judgment on the award. The fact that the check was drawn by the Marion County Commissioners we deem immaterial, in view of *Code Ann.* § 95-1721, which authorizes the counties to make such payments. The fact that the award was made to E. N. Murray alone but the payment was made to him and the other condemnee is of no substantial consequence, since it is undisputed that the condemnee received the money after endorsement of the check by the other payee.

■ There remains one question to be determined, namely, whether the appeal should have been dismissed because of the failure of the condemnor to pay the costs. *Code* § 36-605 requires that the person condemning shall pay the assessors'

charges and such costs as shall be fixed in each case by the judge. However, as amended in 1955, the last sentence of this statute exempts the State of Georgia and its political subdivisions from the provisions of that section. Ga. L. 1955, pp. 651-2. Accordingly, the failure to pay costs within ten days from the judgment did not vitiate the appeal.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*