40551. HILDERBRAND v. HOUSING AUTHORITY OF THE CITY OF ATLANTA.

40552. MITCHELL v. HOUSING AUTHORITY OF THE CITY OF ATLANTA.

<span style="font-variant:small-caps">Decided February 28, 1964—Rehearing denied March 11, 1964.</span>

298

*Israel Katz, Edward J. Magner,* for plaintiffs in error.
*King & Spalding, R. Byron Attridge,* contra.

FELTON, Chief Judge. Under the provisions of *Code* § 36-1110, the condemnor's right of appeal from the assessors' awards was subject to the same terms and conditions as are provided in Chapter 36-6. One such term, contained in *Code Ann.* § 36-605, requires the condemnor to pay the assessors' fees and authorizes the court to award such "other cost as now provided by law in civil cases in the superior court." The failure of the defendant in error condemnor to pay the assessors' fees and costs within ten days of the filing of its appeals did not vitiate the appeals, however, regardless of whether it constitutes a political sub-division of the State or not. If it *is* a political subdivision, it is exempt from payment of such fees and costs by the provision of *Code Ann.* § 36-605, added by amendment by Ga. L. 1955, pp. 651, 652, that "[t]he State of Georgia [and], its political subdivisions, shall be exempt from the provisions of this section,

except as otherwise herein provided," assuming the constitutionality of this provision, as we must do until an attack is made thereon and its constitutionality ruled on by the Supreme Court.

On the other hand, even if it be assumed that the defendant in error Housing Authority is *not* a political subdivision of the State, its failure to pay the fees and costs within ten days of the filing of its appeals did not make the appeals subject to the motions to dismiss of the plaintiffs in error. The allowance of court costs to any party litigant must be statutory since court costs were not allowed at common law. 20 CJS 259, Costs, § 2. Neither *Code Ann.* § 36-605, which requires the condemnor to pay such fees and costs, nor any other section of Chapters 36-6 or 36-11 states that the payment of these costs and fees shall be a condition precedent, or a prerequisite, to the filing of appeals from assessors' awards. Nor does the provision of *Code Ann.* § 36-605 for the awarding of cost "as now provided by law in civil cases in the superior court" imply such a condition precedent, since the courts have held that the requirement of *Code* § 6-105—for the appellant to pay, previously to obtaining his appeal, all costs which may have accrued in the case up to the time of entering such appeal—does not constitute a condition precedent to the filing of the appeal. "[T]he Clerk is not bound to receive an appeal, even from an administrator, until the costs have been paid to him. But . . . if the Clerk does receive an appeal . . . without exacting the costs, the appeal is good, and the Clerk becomes estopped from saying that the costs have not been paid to him—estopped as to all persons, at least, except the appellant." *Crawford v. Cate,* 20 Ga. 69, 70-71. "Where a case is appealed to a jury in a justice's court, the payment of the costs which accrued on the first trial is a matter between the magistrate and the appellant, and does not concern the opposite party. Where the magistrate refuses to dismiss the appeal because such costs have not been paid, this amounts to a waiver of his right to have the costs paid in advance, and the appellee has no right to complain of the refusal to dismiss the appeal. *Gibson v. Cook,* 116 Ga. 817 (43 SE 72)." *Stafford v. Wilson,* 122 Ga. 32 (49 SE 800). "The payment of costs in order to carry an appeal is primarily intended for the

protection of the officers of court. *Johns v. Lewis Drug Co.,* 120 Ga. 640 (48 SE 127)." *Wright v. Walker County Fertilizer Co.,* 164 Ga. 260, 263 (138 SE 151). "When an appeal is taken the suit is in no sense discontinued, and the exaction as to payment of costs is for the benefit of the officers of the court from which the case is taken by appeal. Accordingly, it has been held that in this class of cases the failure of the appellant to pay the costs is a question between the officers of the court and the appellant, and not one as to which the opposite party has any concern." *Wright v. Jett,* 120 Ga. 995, 1001 (48 SE 345). The case of *Murray v. State Hwy. Dept.,* 103 Ga. App. 517, 522 (3) (120 SE2d 48), held that the failure of the condemnor to pay the costs within ten days from the judgment did not vitiate the appeal since the last sentence of *Code* § 36-605, as amended by Ga. L. 1955, pp. 651-652, exempts the State of Georgia and its political subdivisions from the provisions of that section. That case does not hold that failure on the part of parties other than the State and its political subdivisions to pay the costs within ten days from the judgment has the effect of vitiating the appeal. If that case had so held, the ruling would have been obiter.

The clerk in such circumstances represents himself and other officers of court and the assessors. The clerk's acceptance of the appeals without exacting the payment of accrued costs does not affect the legality of the appeal, and the appellees have no right to complain of the court's judgment refusing to dismiss the appeals upon their motions. The condemnees owe the assessors no legal duty to collect their fees. When an assessor accepts the undertaking to serve in that capacity he does so with the knowledge that the condemnors are legally liable to pay his fees. Any expenditure by a condemnee to recover an assessor's fees would be a voluntary act and could not be said to reduce the condemnee's adequate compensation so as to make the award unconstitutional.

*Judgments affirmed. Frankum and Pannell, JJ., concur.*