for appellee.

## 48604. BROOKHAVEN SUPPLY COMPANY v. DeKALB COUNTY.

STOLZ, Judge. Condemnee appeals from the denial of its motion to dismiss condemnor's appeal to a jury from the award of assessors in this condemnation proceeding.

On December 8, 1972, DeKalb County (condemnor) filed a condemnation proceeding against Brookhaven Supply Company (condemnee) for the condemnation of certain property for road purposes. The procedure followed for the condemnation was through a board of assessors.

After hearing evidence, the board of assessors entered an award on February 6, 1973. On February 16, 1973, the award was made the judgment of the court and title to the property was decreed in condemnor subject to payment of the amount of the judgment. Also on that date, the condemnor paid the amount of the judgment into the court, filed its appeal for a jury trial, and, in a separate pleading alleging the condemnee's insolvency, the condemnor sought to require a bond from the condemnee to answer for any subsequent sums the condemnor might recover or in the alternative the appointment of a receiver to take charge of the condemnee's assets. The trial judge set the matter down for hearing on rule nisi for March 14, 1973. Thereafter on said date, the trial judge found that the condemnee was not insolvent, denied the relief sought by condemnor and ordered the Clerk of the Superior Court of DeKalb County to pay over the amount of the award instanter.

The issue presented here is whether or not the payment by the condemnor under the aforestated circumstances was a conditional tender into the registry of the court such as would preclude condemnor's appeal. See *State Hwy. Dept. v. Draper,* 102 Ga. App. 199 (115 SE2d 590); *State Hwy. Dept. v. Hendrix,* 215 Ga. 821 (113 SE2d 761). *Held:*

Here no conditions were placed on the check as it was tendered into the registry of the court. At most it appears that the condemnor was seeking to have *the court* act to protect the public's interest in the fund. As laudable as that purpose may be, the Supreme Court has held that, "[w]here the condemnor pays the amount

of the award of the assessors into the registry of the court. . . , [it] is not thereafter concerned with its distribution." *State Hwy. Dept. v. Taylor,* 216 Ga. 90 (3) (115 SE2d 188).

The condemnee was not injured by any act of the condemnor. No restraining order was issued at its instance. The trial judge denied all of the relief sought. The condemnee has in no way been prejudiced. The trial judge was correct in denying condemnee's motion to dismiss the condemnor's appeals.

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

SUBMITTED SEPTEMBER 6, 1973 — DECIDED OCTOBER 2, 1973.

*J. Corbett Peek, Jr.,* for appellant.
*Dillard & Dillard, George P. Dillard,* for appellee.