### 71795. FAIN v. FAIN.
(346 SE2d 96)

McMURRAY, Presiding Judge.

This is an appeal from an order of the Superior Court of Turner County which dismissed appellant's appeal from the Probate Court of Turner County. Other than the notice of appeal and various documents submitted by appellant, our record essentially consists only of the order of the superior court, which order reads as follows: "It appearing that on the first day of July, 1985, Fabian Fain, the Defendant/Appellant in the above-styled action and his attorney Floyd H. Wardlow, Jr., personally appeared in the Office of The Probate Court of Turner County, Georgia, with a notice of appeal of the Order entered by said court on June 13, 1985; *and [i]t appearing that The Probate Court of Turner County, Georgia, filed the notice of appeal as requested by the Defendant/Appellant and his attorney*; and [i]t appearing that the Probate Judge on said date of July 1, 1985, presented the Defendant/Appellant and his attorney with a statement

of the cost on said case and oral notice that said cost must be paid before said appeal could be transferred to The Superior Court of Turner County, Georgia; and [i]t appearing that the Defendant/Appellant and his attorney after being duly notified of the obligation to pay court costs failed to do so as of this date. The above having been read and considered. IT IS HEREBY ORDERED, that the notice of appeal and exceptions filed by the Defendant/Appellant and his attorney in this case be dismissed and judgment be affirmed in favor of the Plaintiff/Appellee." (Emphasis supplied.) *Held*:

Appellant contends the superior court erred in dismissing his appeal from the probate court. We agree.

OCGA § 5-3-22 (a) (formerly Code Ann. § 6-105 (a)) provides in pertinent part: "No appeal shall be heard in the superior court until any costs which have accrued in the court, agency, or tribunal below have been paid unless the appellant files with the superior court or with the court, agency, or tribunal appealed from an affidavit stating that because of his indigence he is unable to pay the costs on appeal. In all cases, no appeal shall be dismissed in the superior court because of nonpayment of the costs below until the appellant has been directed by the court to do so and has failed to comply with the court's direction." This Code section does not imply that the payment of costs shall be a condition precedent to the filing of an appeal. *Hilderbrand v. Housing Auth. of Atlanta*, 109 Ga. App. 297 (136 SE2d 24). As it is said: " '(T)he Clerk is not bound to receive an appeal, even from an administrator, until the costs have been paid to him. But . . . if the Clerk does receive an appeal . . . without exacting the costs, the appeal is good, and the Clerk becomes estopped from saying that the costs have not been paid to him — estopped as to all persons, at least, except the appellant.' *Crawford v. Cate*, 20 Ga. 69, 70-71." *Hilderbrand v. Housing Auth. of Atlanta*, 109 Ga. App. 297, 299, supra. Thus, where the clerk of the probate court accepts the filing of an appeal, it is not to be discontinued on account of the failure of the appellant to pay costs. It follows that the superior court erred in dismissing appellant's appeal simply because appellant did not pay costs.

We add that appellant's appeal should not have been vitiated even if the clerk of the probate court did not accept the notice of appeal for filing. OCGA § 5-3-22 does not allow the superior court to dismiss an appeal for nonpayment of costs unless the appellant has been "directed" to pay costs and fails to comply with that direction. We think that in this context, "direct" means to give an order or command, not merely to advise or notify. See Webster's New Intl. Dictionary 737 (2d ed. 1960). See also *Levandoski v. Pacheco*, 84 Ariz. 55 (323 P2d 951) (1958). The record reflects that appellant was *notified* by the probate court of the obligation to pay court costs. But it has

not been shown that appellant was directed to pay costs by the court and that he failed to comply with the court's direction.

*Judgment reversed. Pope, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED JUNE 5, 1986.

Fabian L. Fain, Sr., *pro se.*
*John W. Sherrer*, for appellee.